UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMICHAI OHRING, individually and on behalf of other similarly situated individuals,

     Plaintiff,

vs.

UNISEA, INC., and DOES 1 THROUGH 100, inclusive,

     Defendants.

Case No.:

COMPLAINT—CLASS ACTION

JURY DEMAND

CLASS ACTION COMPLAINT      1      Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101
(206) 223-2053

Plaintiff AMICHAI OHRING ("Plaintiff"), on behalf of himself and others similarly situated ("the Class"), brings this action against Defendant UNISEA, INC. ("UniSea") for actual damages suffered by Plaintiff and the Class, for penalties recoverable under the Alaska Code, and for other recovery specified herein, and allege upon information and belief, except as to his own actions, the investigation of his counsel, and the facts that are a matter of public record, as follows:

## I. INTRODUCTION

1.      The minimum wage has been an important part of America's social safety net since Congress first enacted the Fair Labor Standards Act ("FLSA") in 1938. The cornerstone of the FLSA is the provision guaranteeing a minimum wage for all hours worked.

2.      Despite the protections of federal and state laws requiring a minimum wage, many employers use tactics to short workers. For example, where protective gear is an integral and indispensable part of workers' principal activities, employers often refuse to pay workers for time spent donning and doffing that gear. This is a form of wage theft.

3.      The consequences of wage theft are severe and far-reaching. A 2017 report by the Economic Policy Institute estimated that the average victim of wage theft loses over $3,000 per year. A U.S. Department of Labor study from 2014 found that wage theft lowers a minimum wage worker's income by up to 49% on average when a violation occurs. In addition to forcing already low wage workers deeper into poverty, wage theft has secondary effects such as increased spending on social programs and adverse public health outcomes.

4.      Few in the American economy are as vulnerable to wage theft as seasonal workers. Far from home, often without the means to return, many have no choice but to tolerate exploitation. Congress has described seasonal workers as "the most abused of all workers in the United States." (H.R. REP. 97-885, 2, 1982 U.S.C.C.A.N. 4547, 4548.)

5.      Every year, fisheries in remote areas of Alaska draw thousands of seasonal workers to seafood processing plants from other U.S. states and abroad. Each summer, UniSea, Inc. recruits

CLASS ACTION COMPLAINT                    2          Zwerling, Schachter & Zwerling, LLP
                                                     1904 Third Avenue, Suite 1030
                                                     Seattle, WA 98101
                                                     (206) 223-2053

hundreds of workers from the U.S. and abroad to its processing plant in Dutch Harbor, Alaska. It promises workers long hours and large paychecks.

6.      In practice and by policy, however, UniSea shorts worker wages on a daily basis, requiring they clock in only after donning raingear, multiple sets of gloves, hairnets, earplugs, boots, and other safety gear and protective equipment, and clock out before removing the gear. This practice deprives those at the bottom of the wage scale of hundreds of dollars each month.

## II.  FACTUAL ALLEGATIONS

7.      The Alaska seafood processing industry provides tens of thousands of jobs each year. Of the approximately 23,000 workers in the industry, 75 percent are from out-of-state.

8.      Seasonal workers in Alaska's seafood industry are prime targets for wage theft. A May 2020 letter from the state's Department of Labor and Workforce Development to shore-based fish processing employers identified complaints often found within the fish processing industry included "[p]ayment of wages and overtime inconsistent with the Alaska Wage and Hour Act" and "[n]onpayment of wages for all hours worked."

9.      UniSea's processing facility uses processing workers, mostly seasonal, to clean, fillet, package, freeze, and can seafood brought in by UniSea's contracted fleet. As the processing facility is in a remote area, these workers live on-site and, especially during peak season, work long days of up to sixteen hours, seven days of the week.

10.     During each shift, all workers are required by UniSea to wear certain job-related safety gear and protective equipment. The gear includes rubber aprons, rubber gloves, cotton gloves beneath the rubber gloves for warmth on the refrigerated plant floors, hair nets, ear plugs, and rain boots. These items are necessary per UniSea's own internal policy and due to the nature of the job.

11.     Before clocking in, all workers spend approximately five to ten minutes donning the gear. From there, workers are checked in one-by-one, requiring additional time. Per UniSea policy, they are not permitted to clock in until they had completed this process.

12.     Per UniSea policy, workers are required to clock out upon leaving the processing room before removing any gear. By the end of a shift, the gear is soiled with blood and entrails. After clocking out, workers remove their rubber aprons and rubber gloves and place them in an area designated for cleaning. They remove and discard hair nets and ear plugs and wash their boots and cotton gloves. The process of removing the gear requires approximately five to ten minutes more. Per UniSea policy, they are required to clock out before removing any of this gear.

13.     This cycle repeats multiple times each day as workers are required to remove gear for breaks and re-don that gear when returning to work. Because workers are permitted to clock in only after they put these items on and clock out before removing these items, workers are not paid for up to 40 minutes of time spent under company control each day.

14.     Because UniSea workers work up to sixteen hours each day for seven consecutive days, much of the time spent donning and doffing gear qualifies for overtime pay.

15.     Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid wages and overtime compensation, an equal amount in liquidated damages, and prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b) of the FLSA.

16.     Plaintiff also brings this action under the Alaska Wage and Hour Act on behalf of himself and a class of other similarly situated current and former UniSea employees who work in UniSea's processing facility in Alaska. Plaintiff asserts he and the class are entitled to unpaid wages and overtime premium wages for their work beyond 8 hours per workday and 40 hours per week, an equal amount in liquidated damages, statutory penalties, attorneys' fees, and costs pursuant to the Alaska Wage and Hour Act ("AWHA"), Alaska Statutes §§ 23.10.110 and 23.10.140.

### III.   JURISDICTION AND VENUE

17.     This action is brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., and Alaska state wage and hour law for monetary relief and penalties due to UniSea's unlawful conduct.

CLASS ACTION COMPLAINT                    4              Zwerling, Schachter & Zwerling, LLP
                                                         1904 Third Avenue, Suite 1030
                                                         Seattle, WA 98101
                                                         (206) 223-2053

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because the action involves a federal statute, the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. The Court has supplemental jurisdiction over the state law wage and hour claims under 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because, *inter alia*, Defendant UniSea resides in this district and because a substantial part of the events giving rise to the claims occurred in this District.

20.     Defendants are subject to personal jurisdiction in the Western District of Washington because they maintain their headquarters in Redmond, Washington and transact business in this District.

## IV.  **THE PARTIES**

21.     Plaintiff AMICHAI OHRING is, and at all relevant times was, a resident of New Jersey. UniSea employed Mr. Ohring as a seafood processor from 2020 until the present. During the course of his employment, Mr. Ohring has frequently worked more than eight and often up to sixteen hours per day, seven days per week. While Mr. Ohring was an employee of UniSea, UniSea has denied Mr. Ohring wages for all the hours he worked, including time spent donning and doffing the gear necessary to perform his work. As a direct and proximate result of UniSea's conduct, described herein, Mr. Ohring has suffered harm, injury, and damages in addition to being deprived of the wages, overtime, and other legal protections to which he was entitled under the FLSA and the AWHA.

22.     Defendant UniSea, Inc. is a Washington corporation with its principal place of business located at 15400 NE 90th St., Redmond, Washington. It is in the business of canning and processing seafood. It was established in 1974 and is a wholly owned subsidiary of Nippon Suisan Kaisha Corporation, a multi-billion-dollar Japanese company that owns more than 60 subsidiaries in the seafood and marine products industries worldwide.

23.     The true names and capacities of DOES 1 through 100, inclusive, are unknown to Plaintiff who sues such Defendants by use of such fictitious names. Plaintiff will amend this

CLASS ACTION COMPLAINT                5          Zwerling, Schachter & Zwerling, LLP
                                                 1904 Third Avenue, Suite 1030
                                                 Seattle, WA 98101
                                                 (206) 223-2053

complaint to add the true names when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is legally responsible for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by their conduct.

24.     At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts, and omissions as described in each and all of the foregoing paragraphs as the employer of Plaintiff and the class members.

25.     At all relevant times, the unlawful conduct against Plaintiff and class members as described in each and all of the foregoing paragraphs was actuated, in whole or in part, by a purpose to serve Defendants. At all relevant times, upon information and belief, the unlawful conduct described in each and all of the foregoing paragraphs was reasonably foreseeable by Defendants and committed under actual or apparent authority granted by Defendants such that all of the aforementioned unlawful conduct is legally attributable to Defendants.

26.     The overtime wage provisions set forth in § 206 and § 207 of the FLSA and §§ 23.10.060 of the Alaska Statutes apply to Defendants. Defendants' seafood processing jobs are not positions that fall within any exception or exemption to 29 U.S.C. § 213(a)(1) or to Sections 23.10.055 or 23.10.060 of the AWHA.

## V.   COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

27.     Plaintiff seeks to bring his FLSA claims on behalf of all persons who worked for UniSea as seafood processing employees from March 16, 2018 until the date of judgment.

28.     Those persons whom Plaintiff seeks to represent in the FLSA Collective Action ("FLSA Collective Plaintiffs") are defined as:

> Every person who works or has worked as a seafood processing employee in the state of Alaska for UniSea, Inc. during the period from March 16, 2018 to the date of judgment who timely opt in to this action.

29.     Plaintiff and FLSA Collective Plaintiffs' primary responsibility as seafood processing workers was to clean, fillet, package, and can seafood. They performed all duties from

CLASS ACTION COMPLAINT                         6        Zwerling, Schachter & Zwerling, LLP
                                                        1904 Third Avenue, Suite 1030
                                                        Seattle, WA 98101
                                                        (206) 223-2053

Defendants' place of business at UniSea's processing plant in Alaska. Plaintiff and the FLSA Collective Plaintiffs' source of compensation during their employment with UniSea was wages earned for work at UniSea's facility. Plaintiff and the FLSA Collective Plaintiffs consistently performed substantially similar duties and were subject to the same conditions, policies, and restrictions.

30.     UniSea engaged in a practice of improperly denying Plaintiff and FLSA Collective Plaintiffs wages for all hours worked, including time donning and doffing necessary gear. UniSea further denied Plaintiff and the FLSA Collective Plaintiffs wages at a rate of 1 ½ times their regular rate of pay for hours they worked over 40 per week.

## VI.  CLASS ACTION ALLEGATIONS UNDER THE ALASKA STATUTES

31.     Plaintiff brings this class action pursuant to the Federal Rules of Civil Procedure Rule 23(b)(3) and AWHA § 23.10.110(b) to recover damages and penalties under the AWHA § 23.10.060, for unpaid wages and overtime wages, on behalf of himself and a Class of UniSea seafood processing employees who were denied wages and overtime as mandated by the AWHA and governing regulations ("AWHA Class"). This action includes all such employees whom UniSea continues to deprive of required wages and overtime in the future.

32.     The AWHA Class that Plaintiff seeks to represent is composed of and defined as follows:

> Every person who works or has worked as a seafood processing employee in the state of Alaska for UniSea, Inc. during the period from March 16, 2019 to the date of judgment who does not timely opt out of this action.

33.     This action is properly brought as a class action under Federal Rules of Civil Procedure Rule 23 for the following reasons:

> a.  Numerosity: The potential members of the AWHA Class as defined number over 1,000 and are so numerous that joinder of all the members is impracticable.
>
> b.  Commonality: There are questions of law and fact common to Plaintiff and the AWHA Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

CLASS ACTION COMPLAINT                    7           Zwerling, Schachter & Zwerling, LLP
                                                      1904 Third Avenue, Suite 1030
                                                      Seattle, WA 98101
                                                      (206) 223-2053

i. Whether the time the Class spent donning and doffing of gear is considered work under the applicable law;

ii. Whether such work is integral and indispensable;

iii. Whether such work is compensable;

iv. Whether any compensable work is *de minimis*;

v. Whether Defendant improperly withheld wages from the Class;

vi. Whether Defendants improperly withheld overtime wages from the Class;

vii. Whether Defendants are liable to the Class; and

viii. Whether the Class can be made whole by payment of damages.

c. Typicality: Plaintiff's claims are typical of the claims of the AWHA Class. Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of law as alleged herein.

d. Adequacy of Representation: Plaintiff will fairly and adequately represent and protect the interests of the AWHA Class. Plaintiff's claims arise out of the same common course of conduct giving rise to the claims of the other members of the AWHA Class. Plaintiff's interests are coincident with, and not antagonistic to, those of the other members of the AWHA Class. Counsel who represent Plaintiff are competent and experienced in litigating large wage and hour and other employment class actions.

e. Superiority of a Class Action: A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of Defendants' illegal policies and practices of denying wages and overtime for time workers spent donning and doffing their gear and making false and deceptive representations to lure workers to employment at UniSea processing facilities. The expense of individual litigation relative to the amount of individual recovery may be prohibitive and render

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101
(206) 223-2053

it impractical for Class members to sue Defendants for their misconduct. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

34.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## VII.   CAUSES OF ACTION

### First Cause of Action

### Violation of the Fair Labor Standards Act

35.     Plaintiff realleges and incorporates the above allegations by reference as if set forth fully herein.

36.     Plaintiff brings this cause of action on behalf of himself and the FLSA Collective Plaintiffs.

37.     At all relevant times, UniSea has been, and continues to be, an "employer" engaged in interstate commerce and in the production of goods for interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, UniSea has employed hundreds of employees, including Plaintiff and the FLSA Collective Plaintiffs.

38.     UniSea willfully violated the FLSA by denying Plaintiff and the FLSA Collective Plaintiffs wages for time donning and doffing gear that was a part of the workers' principal activities, was integral and indispensable to the work, and is compensable. A three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

39.     Since at least March 16, 2018, UniSea has willfully and intentionally engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by denying wages and overtime from Plaintiff and the FLSA Collective Plaintiffs, thereby failing and refusing to pay the proper hourly wage compensation to them, in accordance with § 206 and § 207 of the FLSA.

40.     Because of UniSea's violations of the FLSA, Plaintiff and the FLSA Collective Plaintiffs have suffered damages by being denied overtime wages in accordance with § 206 and § 207 of the FLSA.

CLASS ACTION COMPLAINT                              9          Zwerling, Schachter & Zwerling, LLP
                                                                1904 Third Avenue, Suite 1030
                                                                Seattle, WA 98101
                                                                (206) 223-2053

41.     UniSea has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and the FLSA Collective Plaintiffs.

42.     As a result of the unlawful acts of UniSea, Plaintiff and the FLSA Collective Plaintiffs have been deprived of wages and overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, other compensation pursuant to 29 U.S.C. § 216(b), and further relief as this Court may deem just and proper.

## Second Cause of Action

## Violation of Alaska Wage and Hour Act

43.     Plaintiff realleges and incorporates the allegations in paragraphs 1 through 34 by reference as if set forth fully herein.

44.     Plaintiff brings this cause of action on behalf of himself and the AWHA Class.

45.     Since at least March 16, 2019, UniSea has failed to fully compensate Plaintiff and the AWHA Class for all hours worked, thus denying them wages and overtime compensation as required under the Alaska Wage and Hour Act, § 23.10.060.

46.     Specifically, UniSea has failed to properly pay Plaintiff and the AWHA Class wages for time spent donning and doffing gear prior to clocking in or after clocking out and failed to properly pay overtime compensation for time spent donning and doffing gear when this activity occurred after more than 8 hours of work in a single day or 40 hours of work in a single week.

47.     Consequently, Plaintiff and the AWHA Class have not received wages or overtime compensation that is their due. UniSea has violated the AWHA and applicable regulations.

48.     Plaintiff and the AWHA Class are entitled to recover unpaid overtime wages, liquidated damages, attorneys' fees, and costs pursuant to Alaska Statutes, § 23.10.110, statutory penalties pursuant to Alaska Statutes, § 23.10.140, and further relief as this Court may deem just and proper.

Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101
(206) 223-2053

## VIII.  <u>PRAYER FOR RELIEF</u>

Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and the AWHA Class, prays for relief and judgment against Defendants as follows:

1.      That, at the earliest possible time, Plaintiff be allowed to give notice of this collective and class action, or that the court issue such notice, to all persons who at present are or have been at any time during the past three years (FLSA Collective Plaintiffs), or two years (AWHA Class) immediately preceding the filing of this suit, up through and including the date of this Court's issuance of Court-supervised Notice, been employed by UniSea as seafood processing employees as defined herein. Such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied wages or overtime compensation;

2.      That the Court determine that this action may be maintained as a collective action under 29 U.S.C. § 216(b) and as a class action under the Federal Rules of Civil Procedure Rule 23(b)(3);

3.      For unpaid wages and liquidated damages pursuant to the federal Fair Labor Standards Act in an amount to be determined at trial;

4.      For unpaid wages and liquidated damages pursuant to the Alaska Wage and Hour Act in an amount to be determined at trial;

5.      For pre- and post-judgment interest;

6.      For an award of attorneys' fees, costs, and expenses as authorized by applicable law;

7.      For statutory penalties as permitted by law; and

8.      For such other and further relief as this Court may deem just and proper.

## IX.  <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and the AWHA Class, demands a trial by jury on all issues so triable.

Dated this 16th day of March, 2021.

CLASS ACTION COMPLAINT                     11          Zwerling, Schachter & Zwerling, LLP
                                                      1904 Third Avenue, Suite 1030
                                                      Seattle, WA 98101
                                                      (206) 223-2053

 s/ Dan Drachler
 s/ Henry Avery
Dan Drachler, WSBA #27728
ddrachler@zsz.com
Henry Avery, WSBA #54086
havery@zsz.com
**ZWERLING, SCHACHTER &**
**ZWERLING, LLP**
1904 Third Avenue, Suite 1030
Seattle, WA 98101
Telephone: (206) 223-2053
Facsimile: (206) 343-9636

**THE ARNS LAW FIRM**
Robert S. Arns, *pro hac vice anticipated*
rsa@arnslaw.com
Jonathan E. Davis, *pro hac vice anticipated*
jed@arnslaw.com
Shounak S. Dharap, *pro hac vice anticipated*
ssd@arnslaw.com
515 Folsom St., 3rd Floor
San Francisco, CA 94109
Tel: (415) 495-7800
Fax: (415) 495-7888

**ERICKSON KRAMER OSBORNE LLP**
Kevin Osborne, *pro hac vice anticipated*
kevin@eko.law
Julie Erickson, *pro hac vice anticipated*
julie@eko.law
Elizabeth Kramer, *pro hac vice anticipated*
elizabeth@eko.law
182 Howard Street
San Francisco, CA 94105
Phone: 415-635-0631
Fax: 415-599-8088

***Counsel for Plaintiff and the Proposed***
***Classes***

CLASS ACTION COMPLAINT                    12        Zwerling, Schachter & Zwerling, LLP
                                                    1904 Third Avenue, Suite 1030
                                                    Seattle, WA 98101
                                                    (206) 223-2053

### CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*s/ Dan Drachler*
Dan Drachler, WSBA #27728

CLASS ACTION COMPLAINT    13    Zwerling, Schachter & Zwerling, LLP
1904 Third Avenue, Suite 1030
Seattle, WA 98101
(206) 223-2053