**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMICHAI OHRING, individually and on behalf of other similarly situated individuals,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>UNISEA, INC.,<br><br>Defendant-Appellant. | No.   21-35591<br><br>D.C. No. 2:21-cv-00359-TSZ<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted April 13, 2022
Seattle, Washington

Before:  BOGGS,** HAWKINS, and FORREST, Circuit Judges.
Dissent by Judge HAWKINS.

Defendant UniSea, Inc. appeals from the district court's denial of its motion to compel arbitration. We have jurisdiction under 9 U.S.C. § 16, and we review denial of a motion to compel arbitration de novo. *Wilson v. Huuuge, Inc.*, 944 F.3d

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

1212, 1219 (9th Cir. 2019). We reverse and remand with instructions to stay the case and compel arbitration.

Ohring agreed to submit threshold questions of arbitrability to an arbitrator when he signed the December 2020 Employment Agreement. Several months before entering into this employment agreement, Ohring signed a Dispute Resolution Agreement (DRA) that contains "clear and unmistakable evidence" that it delegates arbitrability questions to the arbitrator (delegation provision). *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019). Ohring's December 2020 Employment Agreement "clearly and unequivocally" incorporates by reference the DRA by stating that the parties "agree to resolve all Covered Disputes in the manner set forth in UniSea's [DRA], the terms and definitions of which are incorporated herein." *Satomi Owners Ass'n v. Satomi, LLC*, 225 P.3d 213, 225 (Wash. 2009).[1]

We reject Ohring's assertion that his December 2020 Employment Agreement incorporated only the defined terms and pre-arbitration and arbitration procedures in the DRA. Indeed, Ohring's reading would seem to incorporate everything in the DRA *except the delegation provision*. Not only does the plain language of the

---

[1] Although UniSea did not explicitly refer to incorporation by reference in its arguments before the district court, it expressly argued that Orhing "recommit[ted]" to arbitrating Covered Disputes pursuant to the DRA when he signed the December Employment Agreement. Therefore, this issue was raised "sufficiently for the trial court to rule on it" and we may consider it on appeal. *Yamada v. Nobel Biocare Holding AG*, 825 F.3d 536, 543 (9th Cir. 2016) (quoting *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir. 1992)).

December 2020 Employment Agreement state that all the "terms" of the DRA are incorporated, but the DRA's delegation provision is part of section defining "covered disputes," and Ohring does not dispute that this definition was incorporated.

For these reasons, and because Ohring does not contend that his December 2020 Employment Agreement was procedurally unconscionable, we conclude that Ohring is bound by the delegation clause in the DRA that was incorporated by reference into the December 2020 Employment Agreement. *Romney v. Franciscan Med. Grp.*, 349 P.3d 32, 37–38 (Wash. Ct. App. 2015).

**REVERSED and REMANDED with instructions to stay the case and compel arbitration.**

FILED
MAY 20 2022
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Ohring v. Unisea, Inc.*, 21-35591

HAWKINS, Senior Circuit Judge, dissenting:

UniSea's treatment of Ohring, even shorn of the more draconian content of its employment agreement, underlines the district court's conclusion that such behavior permeated the relationship and satisfies the abuse of discretion standard applied to the district court's decision to strike down the Dispute Resolution Agreement ("DRA") in its entirety. Because I also would hold that Ohring's execution of the December 2020 Employment Agreement did not salvage the otherwise unconscionable DRA, I would affirm.

UniSea does not meaningfully dispute that the DRA was procedurally unconscionable when signed and that many of its terms are substantively unconscionable. Although later execution of an agreement could cure procedural deficiencies of an earlier contract execution, *see Romney v. Franciscan Med. Grp., Corp.*, 349 P.3d 32, 38 (Wash. Ct. App. 2015), I am persuaded by Ohring's argument that is not the case here. UniSea bore the burden of establishing that the December 2020 Employment Agreement incorporated the DRA, including its delegation clause, by reference. *State v. Ferro*, 823 P.2d 526, 527 (Wash. Ct. App. 1992). Yet, UniSea did not specifically argue incorporation by reference before the district court, and I am not convinced that UniSea has shown the December 2020 Employment Agreement "clearly and unmistakably" incorporates the DRA's delegation clause.

*See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649, (1986)).

In the absence of an enforceable delegation clause, the district court permissibly reached Ohring's remaining unconscionability claims and acted within its discretion by declining to enforce any portion of the DRA. *See Lim v. TForce Logistics, LLC*, 8 F.4th 992, 999 (9th Cir. 2021).

Accordingly, I would affirm.