1

The Honorable Thomas S. Zilly

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

11

AMICHAI OHRING, individually and on
behalf of other similarly situated
individuals,

NO.  2:21-CV-00359-TSZ

12

Plaintiff,

**PLAINTIFF'S UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF
SETTLEMENT**

13

14

vs.

NOTE ON MOTION CALENDAR:
April 13, 2023

15

UNISEA, INC.; and DOES 1-100

16

Defendants.

17

18

19

20

21

22

23

24

25

26

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

## TABLE OF CONTENTS

I.   INTRODUCTION ...............................................................................................1

II.  FACTUAL AND PROCEDURAL BACKGROUND.................................................2

   A.  The Factual Allegations..........................................................................2

   B.  Procedural Background ...........................................................................4

   C.  The Parties Reach an Agreement .............................................................4

   D.  Terms of the Proposed Settlement ...........................................................5

III. THE SETTLEMENT MEETS THE FAIRNESS CRITERIA FOR
     PRELIMINARY APPROVAL ...........................................................................7

   A.  Plaintiff and Class Counsel Have Adequately Represented the Class (Fed. R.
       Civ. P. 23(e)(2)(A)) ...............................................................................8

   B.  The Settlement Resulted from Informed, Arm's Length Negotiations (Fed. R.
       Civ. P. 23(e)(2)(B)) ...............................................................................9

   C.  The Settlement Represents a Strong Result for the Class, Especially Given the
       Procedural Posture of the Case in Individual Arbitration and the Likelihood
       that an Arbitrator Could Preclude a Class Action Entirely (Fed. R. Civ. P.
       23(e)(2)(C)) .........................................................................................10

       1. Substantial Risk, Delay, and Other Drawbacks Associated with Litigation .......10

       2. The Proposed Method of Distributing Settlement Proceeds to Class Is Designed
          to Be Effective....................................................................................12

       3. Class Counsel Will Seek Reasonable Attorneys' Fees and Litigation Expenses 12

       4. There Are No Undisclosed Side Agreements ...................................................14

   D.  Settlement Structure Is Fair, Effective, and Reasonable ...........................14

       1. The Settlement Treats Class Members Fairly and Equitably Relative to Each
          Other (Fed. R. Civ. P. 23(e)(2)(D)) .....................................................14

       2. The Settlement Falls Within the Range of Possible Approval..........................14

       3. Experienced Counsel Recommend Approval ...................................................16

IV.  THE COURT SHOULD PROVISIONALLY CERTIFY THE CLASS FOR
     SETTLEMENT ...............................................................................................16

   A.  The Requirements of Rule 23(a) Are Satisfied.......................................16

       1. Numerosity.........................................................................................16

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - ii

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

2. Commonality ................................................................................................17

3. Typicality ....................................................................................................18

4. Adequacy ....................................................................................................18

**B.  The Class Merits Certification Under Rule 23(b)(3) for Settlement Purposes** .......19

**C.  For Purposes of Settlement, the Settlement Class Should Be Certified as a Collective Action Under the FLSA** ....................................................................21

**D.  The Proposed Notice and Notice Program Complies With Rule 23 and Due Process** ..........................................................................................................................22

**E.  Settlement Class Counsel Should Be Appointed** ........................................................24

**i.  Proposed Schedule of Events** .................................................................24

**V.  CONCLUSION** .....................................................................................................25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alvarez v. IBP, Inc.*,
   339 F.3d 894 (9th Cir. 2003) .................................................................................................... 11

*Ballaris v. Wacker Siltronic Corp.*,
   370 F.3d 901 (9th Cir. 2004) .................................................................................................... 17

*Benoskie v. Kerry Foods, Inc.*,
   No. 19-cv-684-pp, 2020 WL 5769488 (E.D. Wis. Sept. 28, 2020) .......................................... 21

*In re Bluetooth Headset Prod. Liab. Litig.*,
   654 F.3d 935 (9th Cir. 2011) ......................................................................................... 7, 12, 13

*Briggs v. PNC Fin. Servs. Grp.*,
   No. 1:15-cv-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016)............................................ 21

*Brown v. CVS Pharmacy, Inc.*
   (C.D. Cal., Apr. 24, 2017, No. CV15-7631 PSG (PJWX)) 2017 WL 3494297.................. 15

*Chetwood v. T-Mobile USA, Inc.*,
   No. 2:19-CV-00458-RSL, 2021 WL 2206481 (W.D. Wash. June 1, 2021) ......................... 22

*Class Plaintiffs v. City of Seattle*,
   955 F.2d 1268 (9th Cir.1992) ................................................................................................... 9

*Collins v. Gee W. Seattle, LLC*,
   No. C08-0238 MJP, 2009 WL 10725362 (W.D. Wash. May 11, 2009)............................... 17

*Dawson v. Hitco Carbon Composites, Inc.*
   (C.D. Cal., July 9, 2019, No. CV167337PSGFFMX) 2019 WL 6138467 ......................... 15

*Day v. NuCO2 Mgmt., LLC*,
   No. 1:18-cv-02088, 2018 WL 2473472 (N.D. Ill. May 18, 2018) ...................................... 21

*De Asencio v. Tyson Foods, Inc.*,
   342 F.3d 301 (3d Cir. 2003) .................................................................................................... 17

*Douglas v. Xerox Bus. Servs. LLC*,
   No. C12-1798-JCC, 2014 WL 3396112 (W.D. Wash. Jul. 10, 2014) ........................... 20, 22

*Dunakin v. Quigley*,
   99 F. Supp. 3d 1297 (W.D. Wash. Apr. 10, 2015) .............................................................. 16

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - iv

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

*Glass v. UBS Financial Services, Inc.*
  (N.D. Cal., Jan. 26, 2007, No. C-06-4068 MMC) 2007 WL 221862, *aff'd*
  (9th Cir. 2009) 331 Fed.Appx. 452 ...................................................................................... 15

*Haight v. Wackenhut Corp.,*
  692 F. Supp. 2d 339 (S.D.N.Y. 2010) ................................................................................ 11

*Hanlon v. Chrysler Corp.,*
  150 F.3d 1011 (9th Cir. 1998) ............................................................................. 17, 18, 19

*In re Immunex Sec. Litig.,*
  864 F. Supp. 142 (W.D. Wash. Aug. 29, 1994) ................................................................ 13

*Lindow v. United States,*
  738 F.2d 1057 (9th Cir. 1984) ............................................................................................ 11

*Linney v. Cellular Alaska P'ship,*
  151 F.3d 1234 (9th Cir. 1998) .............................................................................................. 8

*McKinney-Drobnis v. Oreshack,*
  16 F.4th 594 (9th Cir. 2021) .............................................................................................. 12

*In re Mego Financial Corp. Securities Litigation,*
  213 F.3d 454 (9th Cir. 2000) ............................................................................................. 15

*Mullane v. Cent. Hanover Bank & Tr. Co.,*
  339 U.S. 306 (1950) ............................................................................................................ 21

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.,*
  221 F.R.D. 523 (C.D. Cal. 2004) ....................................................................................... 14

*Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco,*
  688 F.2d 615 (9th Cir. 1982) ............................................................................................. 14

*Parsons v. Ryan,*
  754 F.3d 657 (9th Cir. 2014) ............................................................................................. 18

*Paul Johnson, Alston & Hunt v. Graulty,*
  886 F.2d 268 (9th Cir. 1989) ............................................................................................. 13

*Pierce v. Novastar Mortg., Inc.,*
  No. C05-5835RJB, 2007 WL 1847216 (W.D. Wash. June 27, 2007) ................................. 7

*Spoerle v. Kraft Foods Global, Inc.,*
  253 F.R.D. 434 (W.D.Wis. May 5, 2008) .......................................................................... 17

*Vaquero v. Ashley Furniture Indus., Inc.,*
  824 F.3d 1150 (9th Cir. 2016) ........................................................................................... 20

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - v

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

*Wal-Mart Stores, Inc. v. Dukes*,
    564 U.S. 338 (2011) ........................................................................................ 16, 17

*Wolin v. Jaguar Land Rover N. Am., LLC*,
    617 F.3d 1168 (9th Cir. 2010) ..................................................................... 20

**Other Authorities**

Fed. R. Civ. P. 23(a) ........................................................................................ 16, 18

Fed. R. Civ. P. 23(b)(3) ................................................................................. 17, 19, 20

Fed. R. Civ. P. 23(c)(2)(B) ............................................................................ 21, 22, 23

Fed. R. Civ. P. 23(e)(2) ...................................................................................*passim*

Fed. R. Civ. P. 23(e)(3) ......................................................................................... 14

Fed. R. Civ. P. 23(g)(1) ................................................................................. 23, 24

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1

## I.    Introduction

2

3    This is a settlement of a putative class action on behalf of seasonal seafood processing

4    workers who worked for Defendant UniSea, Inc. in its processing facility in Alaska. Plaintiff

5    Amichai Ohring alleges that UniSea shorted him and his fellow workers on wages on a daily

6    basis by requiring them to spend significant amounts of time—up to forty minutes—donning and

7    doffing mandatory gear without pay. Specifically, Plaintiff alleged that workers were only

8    permitted to clock in after donning and sterilizing required raingear, multiple sets of gloves,

9    hairnets, earplugs, boots, and other safety gear and protective equipment; and to clock out before

10   removing this gear. As a result, Plaintiff brought claims under the Fair Labor Standards Act

11   (FLSA) and the Alaska Wage and Hour Act (AWHA), alleging that putative class members were

12

13   denied full pay for all hours worked.

14       UniSea immediately moved to compel arbitration of Plaintiff's claims. After thorough

15   briefing on the issues, this Court denied the motion. UniSea appealed to the Ninth Circuit. While

16   the appeal was pending, the parties unsuccessfully mediated with the Ninth Circuit mediator in

17   an attempt to reach a resolution. A second mediation was set, but after continued negotiation

18   discussions failed to bear fruit, it was cancelled, and the Parties proceeded to oral argument.

19   Dealing a blow to Plaintiff's case, the Ninth Circuit reversed the denial of the motion to compel

20   arbitration and ordered Plaintiff's claims to individual arbitration for a determination of

21   arbitrability, effectively dissolving the putative class action in this Court but leaving open a slim

22

23   window within which it might be revived in the future.

24       Within this window, Plaintiff engaged in fierce negotiations, highlighting the risk to

25   UniSea that the arbitrator would find the arbitration agreement unenforceable and revive the

26   putative class action. UniSea argued that the arbitrator was unlikely to find the agreement

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 1

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

unenforceable and send the case back to this Court. While Plaintiff was preparing his demand for arbitration and motion for declaratory relief as to the interpretation and enforceability of the arbitration agreement, the parties reached a classwide settlement.

Plaintiff Amichai Ohring ("Plaintiff") now requests that the Court preliminarily approve a settlement resolving this putative class action for a cash payment of $600,000 (the "Settlement") and enter the proposed Order Preliminarily Approving Settlement, Authorizing Notice, and Scheduling Settlement Hearing (the "Preliminary Approval Order"). Given the unique procedural posture of this case in individual arbitration and the significant risk that Plaintiff would be unable to recover for the absent class members, the proposed Settlement provides those class members with an excellent recovery for wages due and overtime compensation that they likely would not have received absent Plaintiff's efforts. Accordingly, the Court should preliminarily approve the Settlement because it is "fair, reasonable and adequate," as required by Fed. R. Civ. P. 23(e)(2).

## II.    Factual and Procedural Background

### A.  The Factual Allegations

Plaintiff and members of the putative Class are seasonal seafood processing workers employed by Defendant UniSea, Inc. ("Defendant" or "UniSea"). During the relevant time, UniSea owned and operated a processing facility in Dutch Harbor, Alaska. *See* Declaration of Shounak S. Dharap ("Dharap Decl."), ¶ 2. Plaintiff alleges that UniSea deprived him and the Class from their rightful wages and failed to pay its workers for all hours worked, namely hours spent retrieving, donning, and doffing work-related gear, in violation of the FLSA and AWHA. Dkt. 1, Plaintiff's Class Action Complaint (Complaint), ¶¶ 7–16, 27–34.

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 2

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

The allegations are as follows: Every day before starting and after finishing work in the facility, including before and after breaks, putative Class Members were required by UniSea to don and doff protective gear, including rain gear, boots, multiple sets of gloves, and other safety equipment. Dkt. 1, Complaint, ¶ 10. Before clocking in, they would spend approximately five to ten minutes donning the gear, after which they were each checked in—one at a time—before being permitted to clock in. *Id.* ¶ 11. Before clocking out, they would spend another five to ten minutes removing their soiled gear. *Id.* ¶ 12. The same pattern repeated multiple times per day as workers clocked in and out to take breaks. *Id.* ¶ 13. All told, workers could spend up to forty unpaid minutes per day donning and doffing gear. *Id.*

UniSea denied these allegations, contending that Plaintiff's experience was not representative because the time spent donning and doffing varied among the putative Class. Dkt. 15, Unisea Answer ("Answer"), ¶ 11–12. UniSea further alleged that the donning and doffing time was a *de minimis* amount. *Id.*, ¶ 22. Moreover, UniSea alleged that much of the protective gear described by Plaintiff was not required and was not integral or indispensable to putative Class members' work. *Id.*, ¶¶ 20–21. Accordingly, UniSea contended that, for multiple reasons, the time spent donning and doffing was not compensable. *Id.*, ¶¶ 22–23.

Plaintiff also learned after filing the complaint that the layout of the facility had been changed during the class period in a way that decreased (and perhaps eliminated completely) the amount of time workers spent donning and doffing. Prior to November 2021, the time clocks used by Plaintiff and Class members in one of the two buildings were located by the warehouse entrance. This required workers to walk a significant distance from the locker rooms to the warehouse entrance to clock in. On or around November 17, 2021, the time clocks were relocated

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 3

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

to the locker rooms so that workers could clock in where they donned their gear. Ex. 1, Settlement Agreement, ¶ 34(c)(i). This substantially weakened the donning and doffing claims. *Id.*

### B. Procedural Background

On March 16, 2021, Plaintiff filed a class-action lawsuit, bringing claims under the Fair Labor Standards Act, the Alaska Wage and Hour Act and Alaska Statute § 23.10.015, *et seq.* Dkt. 1, Complaint, ¶¶ 7–16, 27–34.

On April 21, 2021, Defendant filed an Answer to Plaintiff's Complaint generally denying the allegations therein and raising the affirmative defense that Plaintiff waived his right to bring a collective action by signing an arbitration agreement. Dkt. 15.

On April 29, 2021, Defendant filed a motion to compel arbitration. Dkt. 18. After the parties fully briefed the motion to compel arbitration, on July 13, 2021, the Court denied Defendant's motion to compel arbitration. Dkt. 34. Defendant appealed to the Ninth Circuit. Dkt. 36. Before oral arguments were made to the Ninth Circuit, the parties participated in an unsuccessful mediation through the Ninth Circuit Mediation Program with experienced Circuit Mediator, Chris Goelz. *See* Dharap Decl., ¶ 5. The Parties scheduled a second mediation but after continued negotiations failed to bring the parties closer together, the mediation was cancelled and the Parties proceeded to oral argument. *Id.*, at ¶ 6. On May 20, 2022, after briefing and oral argument, the Ninth Circuit reversed the Court's order and remanded with instructions to stay the case while an arbitrator determined the threshold question of the enforceability of the subject arbitration agreement. Dkt. 45.

### C. The Parties Reach an Agreement

Following and in consideration of the Ninth Circuit's ruling, the parties resurrected settlement negotiations. Dharap Decl., ¶ 7. By this point, the parties had exchanged extensive

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 4

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

information and data relating to Class Members' work histories as well as lengthy mediation and appellate briefs. *Id*. Hard fought arm's-length negotiations continued over the course of four months, during which additional data and information were exchanged regarding the parties' positions. Although the case was to proceed in arbitration, Plaintiff prepared to file a classwide arbitration, anticipating an argument by UniSea that the arbitration agreement at issue precluded such an action. Additionally, Plaintiff prepared to file a motion for declaratory relief in conjunction with the arbitration demand for the arbitrator to consider arguments regarding the enforceability of the agreement and, in the alternative, the viability of a class arbitration pursuant thereto. Dharap Decl. ¶ 8.

Although Defendant vehemently argued that Plaintiff would not prevail on either position, resulting in an individual-only arbitration, the Parties successfully negotiated an agreement-in-principle to settle the action on a class wide basis on October 12, 2022. Dharap Decl. ¶ 8. The Parties subsequently finalized a long-form Settlement Agreement on April 6, 2023, which fully documents the Settlement. *Id.*

**D. Terms of the Proposed Settlement**

The terms of the Settlement are detailed in the Settlement Agreement, which fully resolves the claims of the Class against Defendant. The essential terms are as follows:

- Defendant will pay an all-in amount of $600,000 ("Gross Settlement Fund") in exchange for the settlement and release of the claims asserted in this matter. Ex. 1, Settlement Agreement, §§ 20, 30, 55–58.

- The Settlement Class Members are defined as every person who works or has worked as a seafood processing employee for UniSea during the period from

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 5

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

March 16, 2018 through October 11, 2022 and who do not opt out. Ex. 1, §§ 12, 15.

- Class Counsel will request an award of attorneys' fees of up to $180,000 (30% of the Gross Settlement Fund) plus actual expenses of litigation not to exceed $5,000. Ex. 1, § 20.

- The settlement administrator will be paid settlement administration costs, not to exceed $19,750. Ex. 1, § 20.

- Subject to Court approval, up to $5,000 of the settlement fund will be paid as a "Service Award" to Plaintiff in recognition of his service to the Settlement Class Members. Ex. 1, § 33.

- The distribution to Class Members will be based upon the following calculation: The Settlement Administrator will calculate the number of Hours Worked by each Participating Class Member during the Class Period, which will be divided by the total hours worked by all Participating Class Members. This calculation will result in a percentage figure for each Participating Class Member, which will then be multiplied by the Net Settlement Amount, with the resulting figure being paid to the Participating Class Member. Ex. 1, § 34(c)(i).

- If a Participating Class Member does not cash their check within 120 days, any amounts associated with that Class Member's uncashed check will be distributed via a second round of settlement checks. Ex. 1, § 31. The second round of checks will be distributed on a pro-rata basis to Participating Class Members (1) who received initial payments in excess of $100 and (2) who cashed their initial settlement check. *Id.*, § 37.

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 6

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

- If there are any remaining funds in the Net Settlement Amount twelve months after the Effective Date, the parties will meet and confer to determine the best practicable option for distributing those funds, including remitting the funds to a cy pres recipient, Legal Foundation of Washington. *See* Ex. 1, § 31. There will be no reversion of funds to Defendant.

- Each Class Member will receive a Notice via first-class mail. This Notice will inform the Class Members of the deadline to object or opt out of the Settlement within 45 calendar days. Ex. 1, §§ 42–44.

Considering the risks of further litigation, and after evaluating the factual and legal defenses available to Defendant should the case proceed to arbitration, Plaintiff and his Counsel determined that the proposed Settlement is a laudable result for the Settlement Class Members.

## III.    The Settlement Meets the Fairness Criteria for Preliminary Approval

The Court should approve the Settlement because it is fair, reasonable, and adequate, and because it mitigates—for all parties—the large expense and risk of pursuing this action through further discovery, summary judgment, and arbitration (or trial). "Rule 23(e) of the Federal Rules of Civil Procedure requires court approval of all class action settlements, which may be granted only after a fairness hearing and a determination that the settlement taken as a whole is fair, reasonable, and adequate." *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011). The court reviews proposed class settlements in two stages, the first of which is a "preliminary fairness evaluation." *See Pierce v. Novastar Mortg., Inc.*, No. C05-5835RJB, 2007 WL 1847216, at \*3 (W.D. Wash. June 27, 2007) (citing Manual For Complex Litigation (Fourth) § 21.632 (2004)).

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 7

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

The 2018 amendments to Rule 23 direct parties to present proposed class settlements "in terms of a shorter list of core concerns." Fed. R. Civ. P. 23(e)(2), 2018 Adv. Comm. Notes. These concerns, which Rule 23(e)(2) now requires courts to consider before approving a class settlement, include two concerns bearing on procedural fairness and two bearing on substantive fairness. *Id.* The two procedural concerns are whether plaintiffs and their counsel have adequately represented the class and whether the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(A)-(B). The two substantive concerns are whether the relief provided for the class is adequate and whether the proposed settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e)(2)(C)-(D).

Plaintiff submits that review of these four core concerns favors the proposed Settlement and should give the Court confidence that it will be able to grant final approval after Class Members are given an opportunity to express their views.

### A. Plaintiff and Class Counsel Have Adequately Represented the Class (Fed. R. Civ. P. 23(e)(2)(A))

The first procedural concern asks whether the proposed settlement was the result of adequate representation. Fed. R. Civ. P. 23(e)(2)(A). One of the hallmarks of adequate representation is a thorough investigation and assessment of the class members' claims. *See id.*, Adv. Comm. Note. Formal discovery is not required, but counsel should have sufficient information to make informed decisions at the bargaining table. *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998).

Here, Class Counsel were well prepared to negotiate a beneficial settlement for class members. In addition to comprehensive pre-filing investigation, they obtained early discovery (formally and informally in connection with mediation) that went to the heart of the case. Class Counsel reviewed hundreds of pages of documents, as well as blueprints, photographs, videos,

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 8

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

and extensive spreadsheets detailing clock in/clock out data for the class. They also interviewed class members and consulted with a subject matter expert.

### B.  The Settlement Resulted from Informed, Arm's Length Negotiations (Fed. R. Civ. P. 23(e)(2)(B))

A district court evaluating a class action settlement must determine "that the proposed agreement is not the product of fraud by overreaching by, or collusion among, the negotiating parties." *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1290 (9th Cir.1992); *see* Fed. R. Civ. P. 23(e)(2)(B). This Settlement was reached through contentious, arms-length, hard fought negotiations between the Parties. The parties first engaged in mediation with Ninth Circuit mediator Chris Goelz. In preparation for and during the mediation, the parties informally exchanged documents and negotiated in good faith. Dharap Decl., ¶ 7. The mediation was unsuccessful, and the parties set another mediation. However, the parties continued to negotiate during the interim and, when those negotiations failed to bear fruit, they cancelled the second mediation and proceeded to oral argument. Following oral argument and the Ninth Circuit's reversal of this Court's decision as to the arbitration agreement, the parties resumed settlement negotiations.

Although compelled to individual arbitration, Plaintiff emphasized the risk to UniSea that the arbitrator would find the arbitration agreement unenforceable and revive the putative class action. Additionally, Plaintiff argued that the language of the arbitration agreement allowed for Plaintiff to pursue a class arbitration. UniSea argued that the arbitrator was unlikely to find the agreement unenforceable and send the case back to this Court, and that the language in the arbitration agreement did not permit a class arbitration. Against the backdrop of these risks, the parties eventually reached an agreement in principle to resolve the case on a class-wide basis. The parties then spent another several months working diligently to negotiate and draft the terms

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 9

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

of the Settlement Agreement, prepare the forms of notice, and select a Settlement Administrator through multiple bids. Dharap Decl., ¶ 9. The parties did not discuss attorneys' fees until after reaching agreement on the class settlement. *Id.* Taking into consideration the discovery described above, dispositive motion practice and related appeal, the parties' preparation for the mediation, the length of negotiations, and the involvement of a highly qualified private mediator, the proposed Settlement should be presumed procedurally fair. Fed. R. Civ. P. 23(e)(2)(B), 2018 Adv. Comm. Note.

### C. The Settlement Represents a Strong Result for the Class, Especially Given the Procedural Posture of the Case in Individual Arbitration and the Likelihood that an Arbitrator Could Preclude a Class Action Entirely (Fed. R. Civ. P. 23(e)(2)(C))

The proposed Settlement provides meaningful monetary recovery to all Settlement Class members. The benefits conferred are fair and adequate compared to other similar cases. The relief is even more favorable considering the factors under Rule 23(e)(2)(C).

   1. <u>Substantial Risk, Delay, and Other Drawbacks Associated with Litigation</u>

While Plaintiff believes his case is strong, ongoing arbitration or litigation will require Plaintiff and the Class to take on significant risks of expenses, delays, and negative outcomes. The Ninth Circuit's order compelling arbitration of the issue of whether UniSea's arbitration agreement is enforceable posed the first and most significant risk to Plaintiff's ability to achieve any recovery on behalf of the Class. If the arbitrator determined the arbitration agreement—and its class action waiver—was enforceable, Plaintiff would be prohibited from proceeding on behalf of the Class on all claims and would be limited to arbitrating his individual claims.

Even if Plaintiff prevailed on the arbitration issue, he would still have to certify the class and prevail on the merits of his claims. To prevail on the merits, Plaintiff would have to prove (1) the amount of time Plaintiff and class members spent donning and doffing protective gear,

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 10

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

(2) that this time was compensable under the FLSA and AWHA, and (3) that Defendant failed to compensate Plaintiff and the class fully for all hours worked.

Beyond the costs and delay associated with the discovery and motion practice needed to prevail on the merits, Plaintiff faced some very real legal and factual hurdles. Foremost among these were UniSea's contention that the time spent donning and doffing gear was non-compensable. Specifically, UniSea contended that many of the items of gear (hard hats, ear plugs, safety goggles, hair nets, and boots) were non-unique and therefore time spent donning and doffing them was non-compensable. *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 899, n. 2 (9th Cir. 2003) (concluding such items were non-unique); *see also Haight v. Wackenhut Corp.*, 692 F. Supp. 2d 339, 344-45 (S.D.N.Y. 2010) (same). Moreover, UniSea argued that, even if those items of gear were integral and indispensable to the job such that the time spent donning and doffing them was compensable, the amount of time required to don/doff them was so insignificant that it was *de minimis* as a matter of law. UniSea provided documentary and video evidence supporting an argument that some workers spent as little as five minutes per day donning and doffing gear— an amount of time that has been held by the Ninth Circuit to be *de minimis* and noncompensable under the FLSA. *See Lindow v. United States*, 738 F.2d 1057, 1063–64 (9th Cir. 1984) (observing a benchmark of a minimum of 10 minutes for compensable times). Because the AWHA is modeled after the FLSA, UniSea's arguments similarly applied to the state law claims.

These risks to Plaintiff's success were significant, and they were coupled with the substantial cost and delay associated with arbitrating the enforceability of the arbitration agreement, moving for class certification, dispositive motion practice, and trial on the merits.

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

2.    The Proposed Method of Distributing Settlement Proceeds to Class Is Designed to Be Effective

The distribution plan is designed to ensure the maximum amount of the Net Settlement Fund is delivered to Settlement Class Members and the allocation plan is fair and treats members equally. Dharap Decl., ¶¶ 11. The individual settlement payments will be distributed to Settlement Class Members via check sent by U.S. Mail, with zero action required by the Settlement Class Members. *See* Ex. 1, §§ 31, 36; The Settlement also provides for a second round of distribution of funds from uncashed checks to ensure that the Net Settlement Fund is distributed to Class Members to the greatest extent practicable. *Id.*, § 37. Any funds remaining following the second round of distribution will be distributed to the proposed *cy pres* recipient.

3.    Class Counsel Will Seek Reasonable Attorneys' Fees and Litigation Expenses

Rule 23(e) imposes an obligation on district courts to "balance the 'proposed award of attorney's fees' vis-à-vis the 'relief provided for the class' in determining whether the settlement is 'adequate' for class members." *McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 607 (9th Cir. 2021). In the pre-certification context, this analysis is concomitant with the analysis of whether the settlement meets the heightened scrutiny for pre-certification class settlements. *See id.* at 607-12;  In re Bluetooth Headset Products Liability Litigation, 654 F.3d 935 (9th Cir. 2011).

As set forth in *In re Bluetooth*, the following terms with respect to proposed attorneys' fee awards are considered "red flags" that give rise to implicit collusion and render fee-related terms unreasonable are: (1) a disproportionate distribution of the settlement to class counsel or ample reward with no monetary distribution to the class; and (2) the existence a "clear-sailing" arrangement under which the defendant agrees not to challenge a request for an agreed-upon

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 12

attorney's fee. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d at 947.[1] Neither of these red flags are present here. To the contrary, the evidence supports that the proposed Settlement is the result of hard-fought negotiations conducted at arms' length and that the proposed attorneys' fee award is reasonable.

First, the Settlement Agreement allows the attorneys to request up to 30% of the settlement fund for attorneys' fees. Ex. 1, § 32. Based on the factors used by federal courts, this percentage is reasonable. *See In re Immunex Sec. Litig.*, 864 F. Supp. 142, 145 (W.D. Wash. Aug. 29, 1994) (holding that 30% of net recovery is reasonable attorney fees); *Paul Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("fees awards range from 20 percent to 30 percent of the fund created"); *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 942 (court has discretion in common fund cases to choose the percentage-of-the-fund or the lodestar method). Additionally, as will be set forth in the future fee petition, a fee request of 30% is more than reasonable when a lodestar cross-check is applied. Class Counsel's lodestar is approximately $890,241. Thus, a fee request of 30% represents a negative multiplier of 0.2. Moreover, as set forth above, the Settlement will provide meaningful monetary relief to all Settlement Class Members. Accordingly, the anticipated fee request is well within the range commonly approved by courts and is not disproportionate to the amount to be distributed to the Settlement Class.

Second, there is no clear sailing provision; that is, Defendant expressly retains its right to object or comment on Class Counsel's application for fees and costs. Ex. 1, § 32. As to the third

---

[1] The other "red flag" under *In re Bluetooth*, the possibility of reversion, is also not present here. Under no circumstance will any portion of the Gross Settlement Fund revert to Defendant.

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 13

factor, there is no reversion. After two rounds of distribution, unclaimed funds are remitted to a *cy pres* recipient,. Ex. 1, § 31.

Finally, Class Counsel's fee request is stated clearly in the Notice. Ex. A to Ex. 1, § II. When Class Counsel files their fee petition,  the petition as well as supporting declarations detailing the hours spent by Counsel on this case, will be posted to the Settlement website to ensure that all Class Members have an opportunity to review them. Settlement Class Members will then have 25 days to comment on it. Ex. A to Ex. 1, § VI.A.

### 4.    There Are No Undisclosed Side Agreements

No agreements were made in connection with the Settlement aside from the Settlement itself. *See* Fed. R. Civ. P. 23(e)(3).

### D.  Settlement Structure Is Fair, Effective, and Reasonable

#### 1.    The Settlement Treats Class Members Fairly and Equitably Relative to Each Other (Fed. R. Civ. P. 23(e)(2)(D))

No Class member is treated differently from any other under the Settlement Agreement. Each Settlement Class Member will receive a share of the settlement funds based upon the objective criteria of the number of hours worked and the tenure of their employment. As discussed above, the allocation formula considers the amount of time worked to ensure that Settlement Class Members with longer tenures and more hours are compensated appropriately. *See* Ex. 1, § 34. Thus, this factor is satisfied.

#### 2.    The Settlement Falls Within the Range of Possible Approval

When considering whether the amount of a settlement is fair and adequate, "[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982). "[A] proposed settlement may be acceptable even

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 14

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

though it amounts to only a fraction of the potential recovery that might be available to the class members at trial." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004). Plaintiff has analyzed the potential class recovery and offers the following explanation of the factors bearing on the amount of the compromise.

Based on information provided by Defendant over the course of the mediation and subsequent settlement discussions, Plaintiff calculated the total wage loss for the class to amount to approximately $1.8 million, assuming Plaintiff were to prevail on all counts. Dharap Decl., ¶ 11. Plaintiff then calculated the amount of liquidated damages he could reasonably expect to recover in light of Defendant's arguments challenging the willfulness of their conduct, which amounted to approximately $1.5 million. *Id.* Thus, if Plaintiff prevailed at class certification and on the merits, he would have expected the potential recovery to be between $1.8 and $3.3 million.

The Settlement amount of $600,000 represents between 18 and 33 percent of the potential recovery. This is squarely within the range of approval within the Ninth Circuit. *In re Mego Financial Corp. Securities Litigation*, 213 F.3d 454, 459 (9th Cir. 2000) (approving settlement representing approximately 17 percent as fair and adequate); *see Dawson v. Hitco Carbon Composites, Inc.* (C.D. Cal., July 9, 2019, No. CV167337PSGFFMX) 2019 WL 6138467, at *8 (approving settlement representing 22 percent of estimated recovery); *Brown v. CVS Pharmacy, Inc.* (C.D. Cal., Apr. 24, 2017, No. CV15-7631 PSG (PJWX)) 2017 WL 3494297, at *4 (approving settlement representing 27 percent of estimated recovery); *Glass v. UBS Financial Services, Inc.* (N.D. Cal., Jan. 26, 2007, No. C-06-4068 MMC) 2007 WL 221862, at *4, *aff'd* (9th Cir. 2009) 331 Fed.Appx. 452 (approving settlement representing 25 to 35 percent of estimated recovery).

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

In light of the significant risks discussed above (*see* Section III.C.1, *supra*), including the Ninth Circuit's order compelling the case to individual arbitration, the Settlement represents a fair, reasonable, and adequate amount. Dharap Decl., ¶ 18.

### 3. Experienced Counsel Recommend Approval

Class Counsel include attorneys who have substantial experience in complex class action litigation, including wage and hour cases. Dharap Decl. ¶¶ 16-17. Class Counsel fully endorse the Settlement as fair, reasonable, and adequate. *Id.* at ¶ 18.

## IV. The Court Should Provisionally Certify the Class for Settlement

If, at the preliminary approval stage, "a class has not been certified, the parties must ensure that the court has a basis for concluding that it likely will be able, after the final hearing, to certify the class." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Note. Here, the Settlement Class meets all requirements of Rule 23(a) and Rule 23(b)(3) and can be certified by the Court.

### A. The Requirements of Rule 23(a) Are Satisfied

Under Rule 23(a), Plaintiff must demonstrate: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

### 1. Numerosity

The numerosity requirement is satisfied where "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While there is no "no threshold number of class members that automatically satisfies this requirement … [g]enerally, 40 or more members will satisfy the numerosity requirement." *Dunakin v. Quigley*, 99 F. Supp. 3d 1297,

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 16

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

1326–27 (W.D. Wash. Apr. 10, 2015) (citations omitted). Here, because the Settlement Class includes approximately 1,845 seafood processing employees, joining all Settlement Class Members would not be practical, and numerosity is satisfied.

2.    Commonality

Rule 23(a)(2) requires that "there are questions of law or fact common to the class." Class wide resolution "means that the determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011). A plaintiff satisfies the commonality requirement by demonstrating the presence of issues common to all proposed class members. *Collins v. Gee W. Seattle, LLC*, No. C08-0238 MJP, 2009 WL 10725362, at *3 (W.D. Wash. May 11, 2009). Courts construe the commonality requirement permissively, and all questions of law and fact need not be common to satisfy subsection 23(a)(2). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). "Even a single question of law or fact common to the members of the class will satisfy the commonality requirement." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 369 (2011).

Here, common questions of fact include whether class members were required to wear specific categories of gear, whether class members were required to don their gear prior to clocking in, and whether class members were required to doff their gear after clocking out. These questions depend only on the class members' job duties and the nature of Defendant's policies and procedures, which will be proven using generalized evidence applicable to the entire class. Plaintiff's claims also turn on the common question of law as to whether the various items of gear were integral and indispensable to class members' work. Whether a certain item of gear meets the test for "integral and indispensable" will be the same for all class members. *See, e.g., Spoerle v. Kraft Foods Global, Inc.*, 253 F.R.D. 434 (W.D.Wis. May 5, 2008) (conditionally

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 17

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

certifying FLSA class under 29 U.S.C. § 216(b) and state law claims for unpaid wages/overtime under FRCP 23(b)(3) based on failure to pay wages for time spent by meat processing plant workers donning and doffing personal protective equipment such as footwear, hair nets, beard nets, protective headgear, polyester frocks, and, for some, safety glasses and cotton shirts); *see also Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901, 906–07 (9th Cir. 2004); *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003). Accordingly, the commonality factor favors class certification.

### 3. Typicality

Plaintiff's claims must be "typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct that is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Parsons v. Ryan*, 754 F.3d 657, 685 (9th Cir. 2014) (internal quotation marks omitted). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Here, Plaintiff's claims are typical because his injuries stem from the same conduct alleged to have affected and injured the Settlement Class Members. As described above, Defendant's alleged denial of rightful wages for the time spent retrieving, donning, and doffing work gear everyday are similarly alleged on behalf of the Class. Accordingly, Plaintiff's claims are typical of the class for purposes of settlement.

### 4. Adequacy

Rule 23's adequacy requirement is satisfied where a representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts in the Ninth Circuit

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 18

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

consider two questions in evaluating this requirement: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020.

Plaintiff's and Class Counsel's interests are aligned and not antagonistic to those of the Class, as they share an interest in recovering compensation for the wage and hour violations that Plaintiff alleges were suffered by the whole class. Plaintiff has been committed to his representation of the Class through this litigation, communicating regularly with Class Counsel and continuously providing information about his experience and accounts of other Class Members. Plaintiff provided Class Counsel with documents, photographs, and videos—all of which were critical in the negotiation of a classwide settlement. Dharap Decl, ¶ 7.

Class Counsel, for their part, have vigorously prosecuted this action, investigating and litigation this case for over a year and a half, including defeating a motion to compel arbitration at the district court level and engaging in oral argument to the Ninth Circuit, all while reviewing hundreds of pages of documents in the course of ongoing, contentious negotiations. Dharap Decl., ¶ 7, 16. Class Counsel have extensive experience in prosecuting employment class actions and have been approved as class counsel in multiple class actions in state and federal courts. Dharap Decl., at ¶¶ 16-17; Erickson Decl., at ¶ 3; Declaration of Kim Stephens, ¶ 3. Their experience and efforts ultimately resulted to an efficient and effective settlement that is fair, reasonable, and adequate. Dharap Decl., at ¶¶ 17-18.

**B.      The Class Merits Certification Under Rule 23(b)(3) for Settlement Purposes**

Rule 23(b)(3) is also satisfied because "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 19

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

1    superior to other available methods for fairly and efficiently adjudicating the controversy." Fed.

2    R. Civ. P. 23(b)(3).

3    Under the predominance prong of Rule 23(b)(3), "[w]hen common questions present a

4    significant aspect of the case, and they can be resolved for all members of the class in a single

5    adjudication, there is clear justification for handling the dispute on a representative rather than

6    on an individual basis." *Hanlon*, 150 F.3d at 1022.

7    Here, common questions predominate because all Class Members' claims arise under the

8    same laws—the FLSA and AWHA—from the same alleged conduct. Because Plaintiff's claims

9    

10    are focused on the nature of Defendant's policies and procedures, they are well-suited for class

11    treatment. Defendant's liability can be established largely, if not entirely, through class-wide

12    evidence. To the extent individual class members spent different amounts of compensable time

13    donning and doffing gear, that variation goes to the degree of their damages and it is well

14    established that the need for individualized findings as to the amount of damages is not enough

15    to defeat class certification. *Vaquero v. Ashley Furniture Indus., Inc*., 824 F.3d 1150, 1155 (9th

16    Cir. 2016).

17    

18    Under the superiority prong of Rule 23(b)(3), the Court must determine whether a class

19    action is the most efficient and effective means of resolving the controversy. *See Wolin v. Jaguar

20    Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010). Here, class treatment is superior

21    given the relatively small amount of damages for each employee, the transient nature of seasonal

22    employees, and the judicial efficiency associated with resolution of these claims in one fell

23    swoop.

24    

25    

26    

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

### C.     For Purposes of Settlement, the Settlement Class Should Be Certified as a Collective Action Under the FLSA

A collective action under the FLSA may be maintained where a "similarly situated" employee opts into the action. 29 U.S.C. § 216(b). Here, because Plaintiff meets the more stringent requirement for class certification under Rule 23 for settlement purposes, he necessarily meets the "similarly situated" requirement of the FLSA. *See Douglas v. Xerox Bus. Servs. LLC*, No. C12-1798-JCC, 2014 WL 3396112, at *3 (W.D. Wash. Jul. 10, 2014) (FLSA class conditionally certified where potential plaintiffs were victims of a common policy or plan that violated the law).

The Settlement also provides a separate notice to Settlement Class Members regarding their FLSA claims which requires the affirmative act of cashing their checks to opt into the collective action portion of the Settlement. *See* Ex. 1, § 57. Thus, because the requirements of the FLSA are met, the Court should certify conditionally this collective action for purposes of settlement. In the context of proposed settlements, courts have used a one-step certification process for collective actions, and such a process is appropriate here. *See, e.g.*, *Benoskie v. Kerry Foods, Inc.*, No. 19-cv-684-pp, 2020 WL 5769488, at *1 (E.D. Wis. Sept. 28, 2020) (approving one-step FLSA settlement process); *Briggs v. PNC Fin. Servs. Grp.*, No. 1:15-cv-10447, 2016 WL 7018566, at *1 (N.D. Ill. Nov. 29, 2016) ("A one-step settlement approval process is appropriate" in FLSA collective actions); *see also Day v. NuCO2 Mgmt.*, *LLC*, No. 1:18-cv-02088, 2018 WL 2473472, at *1 (N.D. Ill. May 18, 2018) (one-step settlement approval process is appropriate for FLSA collective actions).

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

### D.    The Proposed Notice and Notice Program Complies With Rule 23 and Due Process

Due process requires "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The notice must "apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). Under Rule 23(c), the notice must clearly and concisely describe the nature of the action and class definition, inform class members that they may enter an appearance through an attorney if the member so desires, detail the manner through which a class member may opt-out of the settlement, state the binding effect of a class judgment on members. Fed. R. Civ. P. 23(c)(2)(B).

The proposed Notice program meets these requirements. Notice will be disseminated via first-class mail to all Class Members based on Defendant's records. For any notice packets returned as undeliverable, the settlement administrator will perform skip-traces and remail the packets to updated addresses. *See* Ex. 1, § 39. Additionally, for any Class Members currently working for Defendant in Alaska, their notice packets will be mailed to them at Defendant's facility to ensure timely receipt. *Id.*, § 40. This notice is reasonably calculated to reach all Class Members and apprise them of the Settlement.

The proposed Notice itself includes information about the nature of the litigation, the definition of the Settlement Class, the claims and issues in the litigation, and the claims that will be released. *See, generally,* Ex. A to Ex. 1. The proposed Notice describes the recovery to be provided under the Settlement, including the approximate individual settlement amount to be paid to the respective Class Member, and advises Class Members how to object to the Settlement, their right to appear through counsel if desired, the binding effect of a judgment, and the

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 22

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington  98101
TEL. 206.682.5600 • FAX 206.682.2992

procedures and deadlines to exclude themselves from the Settlement. *Id.* The proposed Notice also sets forth the attorneys' fees, litigation expenses, and class representative service award that Class Counsel will seek court approval of (and how Settlement Class Members can review the fee petition when it is eventually filed), and the date, time, and location of the final approval hearing. *Id.* This information, and the manner in which it is presented in the proposed Notice, satisfies the requirements of Rule 23(c)(2)(B). *See Douglas v. Xerox Bus. Servs. LLC*, No. C12-1798-JCC, 2014 WL 3396112, at *1 (W.D. Wash. Jul. 10, 2014) (notice is to be provided in a manner which is neutral, accurate and informative); *see also Chetwood v. T-Mobile USA, Inc.*, No. 2:19-CV-00458-RSL, 2021 WL 2206481, at *3 (W.D. Wash. June 1, 2021) (approving notice sent via U.S. mail and email, which informs settlement class members of, *inter alia*, the nature of the action, how to participate in and receive proceeds under the Settlement, the identities of counsel, essential terms of the Settlement Agreement, how to object to the Settlement, and amount of incentive awards and attorneys' fees and costs).

As the proposed Notice and notice plan meet and exceed the standards under Rule 23(c)(2)(B) and are typical of notice plans in similar employment class actions, they should be approved by the Court.

Class Counsel also requests the Court appoint the parties' mutually selected Settlement Administrator, Phoenix Class Action Administration, as the Settlement Administrator to effectuate the notice plan approved by the Court and to administer the Settlement. Class Counsel solicited bids from two administrators and determined that Phoenix was the most cost effective—estimating administration costs within the $19,750 allocated by the Settlement—while still ensuring that all the requirements of the proposed Notice plan would be carried out. Dharap Decl.

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 23

**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

¶ 13. Phoenix is an experienced class action administrator that has successfully managed numerous class action cases, including noticing, class identification, and media planning. *Id.*

In this case, the Administrator will use reasonable tracing to verify the accuracy of addresses, mail Notices, process opt-outs, distribute funds, reconcile undeliverable checks, handle tax reporting, and administer a second distribution of funds. Ex. 1, §§ 32–38, 46–49. Accordingly, the Court should approve the Notice plan and settlement administrator.

### E.    Settlement Class Counsel Should Be Appointed

Under Rule 23, "a court that certifies a class must appoint class counsel [who must] fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, courts consider the following attributes: the proposed class counsel's (1) work in identifying or investigating potential claims, (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case, (3) knowledge of the applicable law, and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

Here, Class Counsel have extensive experience prosecuting complex class action cases, and specifically wage and hour cases. Dharap Decl. ¶¶ 16-17; Erickson Decl., ¶ 3; Stephens Decl., ¶ 3. As described in their supporting declaration, Class Counsel meet all Rule 23(g)(1)(A) factors. Accordingly, the Court should appoint Erickson Kramer Osborne LLP, Arns Davis Law, and Tousley Brain Stephens PLLC as Class Counsel.

### i.    Proposed Schedule of Events

The parties propose the following schedule of events leading up to the final approval hearing:

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 24

TOUSLEY BRAIN STEPHENS PLLC
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
TEL. 206.682.5600 • FAX 206.682.2992

| Event | Date |
|---|---|
| Defendant to provide Class List to Settlement Administrator | Within 30 days after the Court's Entry of Preliminary Approval Order ("Preliminary Approval Date") |
| Notice mailed to the Settlement Class (the "Notice Distribution Date") | Within 15 days after Defendant provides Class List to Settlement Administrator |
| Last day for Settlement Class Members to opt out or object to the proposed Settlement | 45 days after the Notice Distribution Date |
| Date by which Class Counsel is to file Motion for Final Approval of Settlement and Petition for Award of Attorneys' Fees, Expenses and Service Awards | No later than 45 days prior to the Final Approval Hearing |
| Last day for Class Members to comment on or object to Petition for Award of Attorneys' Fees, Expenses and Service Awards | 25 days after Petition for Award of Attorneys' Fees, Expenses and Service Awards is filed and posted to Settlement Website |
| Final Approval Hearing | TBD |

## V.    CONCLUSION

For the reasons set forth above, the Court should preliminarily approve the proposed Settlement and direct notice to be distributed. The Court should also preliminarily certify, for settlement purposes only, the putative Class, appoint Plaintiff and his Counsel to represent the Class, and set the date for the final approval hearing.

I certify that this memorandum contains 7,235 words, in compliance with the Local Civil Rule 7(e).

//

//

PLAINTIFF'S MOTION FOR PRELIMINARY
APPROVAL OF SETTLEMENT
Case No. 2:21-CV-00359-TSZ - 25

1

2  Dated: April 13, 2023          **TOUSLEY BRAIN STEPHENS PLLC**

3

4                                 *s/Kim D. Stephens*
                                  Kim D. Stephens, WSBA #11984
5                                 kstephens@tousley.com
                                  Rebecca L. Solomon, WSBA #51520
6                                 rsolomon@tousley.com
                                  1200 Fifth Ave Ste 1700
7                                 Seattle, WA 98101
                                  Tel: 206-682-5600
8                                 Fax: 206-682-2992

9                                 **ARNS DAVIS LAW**
10                                Robert S. Arns, *pro hac vice*
                                  rsa@arnslaw.com
11                                Jonathan E. Davis, *pro hac vice*
                                  jed@arnslaw.com
12                                Shounak S. Dharap, *pro hac vice*
                                  ssd@arnslaw.com
13                                Katherine A. Rabago, *pro hac vice*
                                  kar@arnslaw.com
14                                515 Folsom St., 3rd Floor
                                  San Francisco, CA 94109
15                                Tel: (415) 495-7800
                                  Fax: (415) 495-7888
16

17                                **ERICKSON KRAMER OSBORNE LLP**
18                                Kevin Osborne, *pro hac vice*
                                  kevin@eko.law
19                                Julie Erickson, *pro hac vice*
                                  julie@eko.law
20                                Elizabeth Kramer, *pro hac vice*
                                  elizabeth@eko.law
21                                44 Tehama Street
                                  San Francisco, CA 94105
22                                Tel: 415-635-0631
                                  Fax: 415-599-8088
23

24                                *Counsel for Plaintiff and the Proposed Class*

25

26