UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMICHAI OHRING, individually and on behalf of others similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNISEA, INC.,<br><br>　　　　　　　Defendant. | C21-0359 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Pursuant to the parties' Joint Status Report, docket no. 58, plaintiff's claims against defendants Does 1 through 100 are DISMISSED with prejudice for lack of prosecution. <u>See</u> Fed. R. Civ. P. 41(b). The Clerk shall update the docket accordingly, and the caption of this case shall read as reflected in this Minute Order.

(2) Plaintiff Amichai Ohring's unopposed motion for preliminary approval of settlement, docket no. 52, is RENOTED to July 28, 2023. By Minute Order entered May 1, 2023, docket no. 57, counsel were directed to meet and confer and to file a Joint Status Report addressing several issues. Having reviewed the Joint Status Report, docket no. 58, and accompanying declarations, docket nos. 59, 60, and 61, the Court is unable to preliminarily approve the proposed settlement for the following reasons.

　　　(a) **<u>Failure to Allocate Between Claims</u>**: Ohring brought this action on behalf of similarly-situated employees of defendant UniSea, Inc. ("UniSea"), alleging that UniSea violated the Fair Labor Standards Act ("FLSA") and the Alaska Wage and Hour Act ("AWHA") by not paying for the time required to put on and take off protective gear. <u>See</u> Order at 6 (docket no. 34). Unlike the AWHA claim, the FLSA claim is not subject to class certification pursuant to Federal Rule of Civil Procedure 23. Rather, an FLSA claim may be pursued in

MINUTE ORDER - 1

collective fashion only by similarly-situated employees who "consent in writing" to become plaintiffs, provided "such consent is filed" with the Court. 29 U.S.C. § 216(b). An FLSA collective action and a Rule 23 class action premised on a state-law claim may be maintained in the same district court proceeding. *See Calderone v. Scott*, 838 F.3d 1101, 1103 (11th Cir. 2016) (citing opinions from the D.C., Second, Third, Seventh, and Ninth Circuits); *see also Busk v. Integrity Staffing Sols., Inc.*, 713 F.3d 525, 528–30 (9th Cir. 2013), *rev'd on other grounds*, 574 U.S. 27 (2014). In hybrid actions of this nature, however, courts consistently require that net settlement proceeds be allocated between the FLSA and state-law claims. *See Hudson v. Libre Tech. Inc.*, No. 18-cv-1371, 2019 WL 5963648, at *9–10 (S.D. Cal. Nov. 13, 2019); *Smith v. Kaiser Found. Hosps.*, No. 18-cv-780, 2019 WL 5864170 (S.D. Cal. Nov. 7, 2019); *Millan v. Cascade Water Servs., Inc.*, 310 F.R.D. 593, 613 (E.D. Cal. 2015) (indicating that any "settlement must create separate funds for the payment of the Rule 23 claims and the FLSA claims"); *Pierce v. Rosetta Stone, Ltd.*, No. C 11-1283, 2013 WL 1878918, at *3 (N.D. Cal. May 3, 2013); *see also Cavazos v. Salas Concrete Inc.*, No. 19-cv-62, 2022 WL 506005, at *14 & *22 (E.D. Cal. Feb. 18, 2022). The parties in this matter have not proposed any allocation.

(b)   **Deficient Opt-In Procedure**: Plaintiff's counsel has asserted that the opt-in requirements of the FLSA are satisfied by printing the following notice on the back of settlement checks and deeming persons who negotiate such checks to have adequately consented:

> I understand that I have up to 120 days from the date I was mailed this Settlement Check to sign and cash this check. By cashing this check, I consent to join the Fair Labor Standards Act claim in the lawsuit Ohring v. UniSea, Inc., No. 2:21-cv-00359-TSZ, pending in the United States District Court for the Western District of Washington, I agree to be represented by Class Counsel, and I agree to be bound by the Agreement in that lawsuit. By cashing this check, I release the Released Claims against the Released Parties in accordance with the Notice that I received in that lawsuit.

Am. Settlement Agr. at ¶ 57 (docket no. 59). This procedure does not comply with the FLSA. *See Johnson v. Quantum Learning Network, Inc.*, No. 15-CV-5013, 2016 WL 8729941, at *1 (N.D. Cal. Aug. 12, 2016) ("[T]he Settlement provides that FLSA collective action members opt in to the collective action by cashing or depositing their settlement checks. This opt in procedure violates the FLSA." (citation omitted)); *see also Beltran v. Olam Spices & Vegetables, Inc.*, No. 18-cv-1676, 2021 WL 1105246, at *1–4 (E.D. Cal. Mar. 23, 2021); *Hudson*, 2019 WL 5963648, at *9 ("Plaintiff proposes to effectuate FLSA opt-in by check,

MINUTE ORDER - 2

rather than by way of consent forms filed with the Court.  This is impermissible under § 216(b).").  As explained in another hybrid case:

> Plaintiffs seek to link settlement of state and federal claims via a single check with disclosure language on the reverse. . . .  [T]his procedure does not obtain the consent required under the FLSA. . . .  Individuals who file a consent and affirmatively join in the collective action, of course, can be bound to a full release of all federal and state rights.  It is unconscionable, however, to try to take away the FLSA rights of all the Rule 23 class members, whether or not they choose to affirmatively consent and join in to the FLSA collective action. . . .  [T]he procedure proposed by plaintiffs forces Rule 23 class members to opt-out of the settlement of their state law claims if they do not wish to opt-in to the FLSA collective action and also release those claims.  As a result, "Class Members are assessed a penalty (in the full amount of their share of the settlement) for not opting-into the FLSA class."

*Smith*, 2019 WL 5864170, at *10–11 (citations omitted).  The authorities cited by plaintiff's attorneys are from outside the Ninth Circuit and are distinguishable.  None of the cases involved a hybrid action, *see Benoskie v. Kerry Foods, Inc.*, No. 19-cv-684, 2020 WL 5769488 (E.D. Wis. Sept. 28, 2020); *Day v. NuCO2 Mgmt., LLC*, No. 18-cv-2088, 2018 WL 2473472 (N.D. Ill. May 18, 2018); *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15-cv-10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016), and two of the decisions (*Benoskie* and *Briggs*) do not even concern an endorsed-check approach to obtaining consent.  In sum, although other UniSea employees might be "similarly situated" to Ohring, and would therefore be permitted to join in this matter pursuant to the "collective action" provisions of the FLSA, *see* 29 U.S.C. § 216(b); *see also Campbell v. City of Los Angeles*, 903 F.3d 1090, 1108 (9th Cir. 2018), the terms of the parties' settlement are not consistent with the opt-in requirements of the FLSA.

(c)     **Improper Claim Linking**:  Contrary to the decisions of district courts within the Ninth Circuit, the parties attempt to require individuals to opt in to the FLSA collective action in exchange for a portion of the settlement proceeds relating to the state-law class action.  As a result, the proposed notice fails to advise former and current UniSea employees who worked during the Class Period[1]

---

[1] The Court cannot reconcile the various Class Period start and end dates set forth by the parties.  The operative pleading alleged two different commencement dates for the Class Period, *see* Compl. at ¶¶ 28 & 32 (docket no. 1), namely March 16, **2018**, for the FLSA claim, which has a three-year limitations period for claims of willful violation, 29 U.S.C. § 255(a), and March 16, **2019**, for the AWHA claim, which has a two-year limitations period, *see Peterson v. Alaska Commc'ns Sys. Grp., Inc.*, No. 12-cv-90, 2017 WL 11675157, at *1 & n.8 (D. Alaska Sept. 7,

MINUTE ORDER - 3

that, if they do not opt out, they may participate in (or, in other words, will be bound by) the class settlement of the AWHA claim regardless of whether they opt in to the FLSA collective action.

(d) **Estimated Distributions**: The proposed gross settlement amount is $600,000. *See* Joint Settlement Agreement and Release dated May 17, 2023 ("Amended Settlement Agreement") at ¶ 20, Ex. 1 to Dharap Decl. (docket no. 59). The parties propose to deduct up to 30% of the gross ($180,000) for attorney's fees, litigation expenses not to exceed $5,000, a service award to Ohring (capped at $5,000), and settlement administration costs of, at most, $20,000, resulting in net settlement proceeds of $390,000. At the Court's request, the parties provided estimates of an average recovery ($211.38 per person) and of the minimum ($4.96)[2] and maximum ($1,373.82) payments.[3] In addition to the issues identified earlier, the parties' data appears to be inaccurate. The expected maximum recovery is based on an individual working 11,084.73 hours during a 3.67-year (190.67-week) period (ending November 17, 2021), or an average of

---

2017); *see also* ALASKA STAT. § 23.10.130. Plaintiff's motion suggests that, for purposes of the parties' settlement, the Class Period as to both the FLSA and AWHA claims is March 16, **2018**, through **October 11, 2022**. Pl.'s Mot. at 5–6 (docket no. 52); *see also* Stephens Decl. at ¶ 5 (docket no. 53); Erickson Decl. at ¶ 5 (docket no. 54); Dharap Decl. at ¶ 10 (docket no. 55). Both the original and amended Joint Settlement Agreement and Release, Ex. 1 to Dharap Decl. (docket no. 55-1) & Ex. 1 to Dharap Decl. (docket no. 59), respectively, however, indicate that the Class Period runs through just **November 17, 2021**, which coincides with the date on which UniSea relocated its time-keeping equipment to the locker rooms so that workers could "clock in" where they donned and doffed their gear, *see* Pl.'s Mot. at 3–4 (docket no. 52). A settlement class may be certified under Rule 23 with respect to only the AWHA claim, and for the AWHA claim, the Class Period may not exceed the allegations of the operative pleading or the statutory limitations period. Thus, the Class Period for the AWHA claim may commence no earlier than March 16, **2019**, even though the FLSA claim might relate to events occurring and damages arising during the preceding year.

[2] This figure is mathematically erroneous. The correct value (($0.4$ hours ÷ $3,146,725$ hours) x $390,000) is $0.0496, which is appropriately rounded up to $0.05 (or five cents).

[3] The parties have proposed two rounds of payments. In the first round, each participant would receive an amount that reflects the ratio of hours worked by such person during the "Class Period" to the total amount worked by all participants in the same timeframe (estimated to be 3,146,725 hours). In the second round, disbursements would be made, from any balance remaining as a result of uncashed settlement checks, in similar pro rata fashion to class members who cashed their first-round payments. As a result of the Court's query, the parties re-negotiated their settlement and eliminated a term that would have distinguished, for purposes of the second distribution, between class members who received initial payments of more than $100 and those who received $100 or less during the first round. *See* Minute Order at ¶ 1(a) (docket no. 57); JSR at 2 (docket no. 58).

MINUTE ORDER - 4

over 58 hours per week, which is improbable in light of the governing laws. The anticipated average, minimum, and maximum distributions will likely change in light of the allocation, Class Period definition, and data integrity issues identified earlier, and the Court cannot yet begin to assess whether the proposed settlement is fair and reasonable.

(e)   **Class Counsel**:  Plaintiff proposes to appoint as class counsel eight different attorneys from three separate law firms, namely Kim D. Stephens of Tousley Brain Stephens PLLC, Robert S. Arns, Jonathan E. Davis, Shounak S. Dharap, and Katherine A. Rabago of Arns Davis Law, and Kevin Osborne, Julie Erickson, and Elizabeth Kramer of Erickson Kramer Osborne LLP.  Absent a much stronger showing, the Court would be reluctant to appoint so many lawyers as class counsel in this matter.  See Beltran, 2021 WL 1105246, at *6.

(f)   **Method of Serving Class Notice**:  The parties propose to send class notice packets to current UniSea employees at UniSea's facility and to former UniSea employees at their last known address via first-class mail, and to re-mail any envelopes returned as undeliverable within thirty (30) days after the initial mailing if a current address can be obtained using reasonable diligence.  Am. Settlement Agr. at ¶¶ 40 & 42 (docket no. 59 at 13).  The Court is not convinced that the proposed plan for disseminating class notice will provide the best notice practicable and satisfy the conditions of Federal Rule of Civil Procedure 23.  The parties have not indicated the percentage of putative class members who are still employed by UniSea, whether putative class members have a transient lifestyle, rendering notice by mail ineffective, whether thirty (30) days is an adequate waiting period for undeliverable envelopes, and how delivery by UniSea of class notice to its current employees will be proven.  See Beltran, 2021 WL 1105246, at *4–5.

(g)   **Form of Class Notice**:  The proposed form of class notice raises the following issues.

    (i)   The claims against defendants Does 1 through 100 have now been dismissed.  Reference to them in the class notice will be distracting and potentially confusing, and should be omitted.

    (ii)   The provision of the proposed class notice that advises class members about the amounts they might expect from the settlement, see Prop. Class Notice, Ex. 2 to Dharap Decl. (docket no. 59 at 30), uses language that is more definite than warranted, does not allocate between the FLSA and state-law claims, see supra ¶ 2(a), does not advise recipients about their available options (i.e., participate in AWHA settlement and opt in to FLSA action, participate in AWHA settlement but do not opt in to FLSA action, opt out of AWHA settlement but opt in to FLSA action, or

MINUTE ORDER - 5

opt out of AWHA settlement and do not opt in to FLSA action), *see supra* ¶ 2(c), and sets forth a range of recoveries that appear inherently inaccurate, *see supra* ¶ 2(d).

(iii)   The proposed class notice instructs class members who wish to opt out of the settlement to include specific language in a self-generated written document.  *See* Prop. Class Notice at § IV(C) (docket no. 59 at 32).  Contemporaneously with the class notice, putative class members should be provided an opt-out form that contains the opt-out verbiage and blanks for the requisite information and signature.  Instructions for returning the opt-out form should be printed on the form.  The opt-out form should also be made available on the website or webpage relating to the settlement, and putative class members should be given an option to complete and return the opt-out forms in a fully electronic manner.  The same directions apply with respect to any opt-in form associated with the FLSA claim in this matter.

(iv)   The Court will not require that class members submit written objections as a prerequisite to appearing and being heard at a final approval hearing.  Any revised class notice should indicate that class members may (not "must") object by sending a letter to the settlement administrator and/or they may appear in person or virtually at the final approval hearing to state their objections.  They need not seek permission in advance or communicate to the settlement administrator a desire to speak at the final approval hearing.  In addition, the Court will not reject or ignore an objection that does not meet all of the specifications outlined in the proposed class notice, and thus, any revised class notice should merely suggest, rather than mandate, the components of an objection.  *See Johnson*, 2016 WL 8729941, at *3 (rejecting certain requirements for class members to speak at a final approval hearing as "overly burdensome").

(v)   The sentence indicating that case materials are available for review on the website or webpage relating to the settlement, *see* Prop. Class Notice at § IV (docket no. 59 at 40), needs to appear much earlier in any revised class notice and in a more prominent fashion.  For example:

> **The full Settlement Agreement and other key documents from the Action are available for review on the Settlement Website at [URL].**

(vi)   The Court will require that any motion for attorney's fees and costs be filed and uploaded to website or webpage relating to the settlement on or before the date that class notices are distributed.  *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010).  Thus, any

MINUTE ORDER - 6

revised class notice should reflect that the motion for attorney's fees and costs **is** posted on the website or webpage (as opposed to "will be posted . . . once it is filed," see Prop. Class Notice at § VI(A) (docket no. 59 at 34)), and the due date for any objection to the requested attorney's fees and costs will be the same as the due date for any objection to the proposed class action settlement (rather than "25 days after the Fee Motion is filed," see id.).

(3)     According to one of UniSea's attorneys, notices to the Attorneys General of 39 states, including Alaska and Washington, and of the United States were mailed on May 5, 2023, pursuant to 28 U.S.C. § 1715. See Omata Decl. at ¶¶ 3–5 & Ex. 1 (docket no. 61).[4] Although the notices were not timely sent, see 28 U.S.C. § 1715(b) (setting a deadline of not later than ten days after the proposed settlement is filed in court), the Court is satisfied that the substantive requirements of § 1715 will have been met so long as the final approval hearing is scheduled more than ninety (90) days after the notices were served. See In re Processed Egg Prods. Antitrust Litig., 284 F.R.D. 249, 258 n.12 (E.D. Pa. 2012). The Court reserves ruling, however, on whether such notices must be re-mailed if the terms of the parties' settlement change significantly in response to this Minute Order.

(4)     On or before the new noting date for plaintiff's unopposed motion for preliminary approval of settlement, docket no. 52, counsel shall file a Joint Status Report either showing cause why the Court should not deny approval of the currently proposed settlement or providing copies (along with redlined versions) of any revised settlement agreement, any revised class notice, and any opt-in and/or opt-out forms.

(5)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 14th day of June, 2023.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

---

[4] Exhibit 2 to Mr. Omata's declaration contains a list of putative class members by full first and last name, the state in which they reside, and the number of hours worked during the proposed class period. To protect the privacy of these individuals and in an abundance of caution, the Court has sealed these materials. Any future filings disclosing the identities of putative class members shall be appropriately redacted or filed under seal.

MINUTE ORDER - 7