UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMICHAI OHRING, individually and on behalf of others similarly situated,

Plaintiff,

v.

UNISEA, INC.,

Defendant.

C21-0359 TSZ

ORDER

THIS MATTER comes before the Court on plaintiff Amichai Ohring's unopposed motion for preliminary approval of a settlement, docket no. 52. Having considered all papers filed in support of the motion, the Court enters the following Order.

**Background**

In this litigation, plaintiff asserted two claims:

1. A **collective action claim** pursuant to the Fair Labor Standards Act ("FLSA) on behalf of "[e]very person who works or has worked as a seafood processing employee in the state of Alaska for UniSea, Inc. during the period from March 16, 2018, to the date of judgment [and] who timely opt in to this action," Compl. at ¶ 28 (docket no. 1); and

2. A **class action claim** pursuant to Federal Rule of Civil Procedure 23(b)(3) and the Alaska Wage and Hour Act ("AWHA") on behalf of "[e]very person who works or has worked as a seafood processing employee in the state of Alaska for UniSea, Inc. during the period from March 16, 2019,

ORDER - 1

to the date of judgment [and] who does not timely opt out of this action," Compl. at ¶ 32 (docket no. 1).

By Order entered July 13, 2021, docket no. 34, the Court denied defendant UniSea, Inc.'s motion to compel arbitration.  A divided panel of the United States Court of Appeals for the Ninth Circuit, however, reversed and remanded with instructions to stay this matter and require the parties to arbitrate their dispute.  _See_ Mem. Dispo. (docket no. 45); Mandate (docket no. 48).  The Court complied with the Ninth Circuit's directive, _see_ Minute Order (docket no. 49), but in December 2022, the parties reported that, in lieu of arbitration, they had engaged in successful settlement negotiations, _see_ Joint Status Report (docket no. 50).  The motion now pending before the Court seeks preliminary approval of the parties' settlement.

Upon review of the motion papers, the Court had several questions concerning the terms of the settlement (including about the average amount and range of anticipated payments from the net settlement fund), and the parties were asked to provide further explanation.  _See_ Minute Order (docket no. 57).  In a Joint Status Report ("JSR") and supporting declarations, docket nos. 58–61, the parties offered additional data regarding _inter alia_ the proposed distribution of net settlement proceeds.  The parties also acknowledged that they had failed to provide notices of the proposed settlement to the appropriate state and federal officials as required by 28 U.S.C. § 1715.  _See_ JSR at 2, § D (docket no. 58).  The parties served the requisite notices in early May 2023, _see_ Omata Decl. at ¶¶ 3–5 (docket no. 61), and the 90-day waiting period has now elapsed without any objection having been filed by any Attorney General to whom notice was mailed (and perhaps emailed or faxed), _see_ Ex. 1 to Omata Decl. (docket no. 61) (indicating that

ORDER - 2

§ 1715 notices were sent to the Attorneys General of the United States and 39 states, including Alaska and Washington).

After studying the parties' May 2023 submissions, and after considering relevant authorities that the parties had failed to cite, the Court concluded that the proposed settlement could not be approved because it (i) failed to allocate between the FLSA and AWHA claims; (ii) incorporated a deficient opt-in procedure for the FLSA claim; (iii) improperly linked the decision whether to opt-in to the FLSA collective action to the pro rata recovery of settlement proceeds relating to the AWHA claim; and (iv) did not propose the best practicable method of serving notice on the putative FLSA plaintiffs and members of the AWHA-related class. See Minute Order at ¶¶ 2(a)–(c) & (f) (docket no. 62). The parties have since re-negotiated the terms of their settlement, and submitted a Joint Status Report, docket no. 65, along with an amended Joint Settlement Agreement and Release ("Settlement Agreement"), Ex. 1 to Dharap Decl., docket no. 66-1, a revised proposed notice, Ex. 2 to Dharap Decl. (docket no. 66-2), and proposed forms to be completed, if appropriate, by collective action participants and/or putative class members, Exs. 3 & 4 to Dharap Decl. (docket nos. 66-3 & 66-4). After reviewing these materials, the Court posed certain questions about the parties' notice plan. See Minute Order at ¶ 1 (docket no. 67). The parties responded in a Joint Status Report, docket no. 68, and this matter is now ready for the Court's consideration.

**Discussion**

During re-negotiations, the amount of the proposed gross settlement ($600,000) did not change. See Settlement Agreement at ¶ 20; see also Minute Order at ¶ 2(d)

ORDER - 3

(docket no. 62).  And, the parties still expect (i) proposed class counsel to seek up to 30% of the gross ($180,000) for attorney's fees and litigation expenses not to exceed $5,000, and (ii) plaintiff to request a service award (capped at $5,000).  Settlement Agreement at ¶ 20.  The projected settlement administration costs, however, have increased to a maximum of $27,950, *id.*, resulting in a projected net settlement fund of $382,050.

**Allocation**:  In response to the Court's concerns, the parties now propose to allocate ninety percent (90%) of the net proceeds ($343,845) to the settlement of the AWHA claim and ten percent (10%) of the net amount ($38,205) to the settlement of the FLSA claim.[1]  *See id.*  This apportionment is based on the following analysis.  For the period from March 16, 2019,[2] to November 17, 2021,[3] the AWHA and FLSA claims overlap; both claims are premised on the failure to pay wages for time spent donning and doffing necessary gear.  With respect to the preceding year, *i.e.*, from March 16, 2018, to March 16, 2019, the FLSA claim might authorize an additional recovery, but only upon a showing that UniSea, Inc. ("UniSea") engaged in a willful violation of the FLSA.  *See* 29

---

[1] The amount apportioned to the AWHA claim would be shared pro rata among as many as 1,525 individuals, resulting in an average payment of $225.47 per person.  *See* Prop. Notice at 3, Ex. 2 to Dharap Decl. (docket no. 66-2).  The number of putative FLSA plaintiffs is 1,845, and if all of them opted in to the collective action, the average payment would be roughly $20.71 per person for the FLSA component of the settlement.  *Id.*

[2] This litigation commenced with the filing of the operative pleading on March 16, 2021, and the AWHA claim has a two-year limitations period.  *See* Peterson v. Alaska Commc'ns Sys. Grp., Inc., No. 12-cv-90, 2017 WL 11675157, at *1 & n.8 (D. Alaska Sept. 7, 2017); *see also* Alaska Stat. § 23.10.130.

[3] November 17, 2021, is the date on which UniSea, Inc. relocated its time-keeping equipment to the locker rooms so that workers could "clock in" where they donned and doffed their gear.  *See* Pl.'s Mot. at 3–4 (docket no. 52).

ORDER - 4

1  U.S.C. § 255(a) (indicating that FLSA claims have a two-year limitations period unless

2  the cause of action arose from a willful violation, in which event, it must be asserted

3  within three years after it accrued).  In light of UniSea's curative action of relocating its

4  time-keeping equipment to employee locker rooms, which was taken within months after

5  this litigation began, Class Counsel has opined that plaintiff would be unlikely to prevail

6  on the issue of willfulness.  See JSR at 2–3 (docket no. 65).  The Court concludes that the

7  proposed apportionment is fair and reasonable in light of the circumstances.

8  **FLSA Opt-In Procedure**:  The parties propose that any putative FLSA plaintiff

9  who wishes to share in the portion of the settlement proceeds allocated to the FLSA claim

10  be required to timely submit a written "opt-in" notice to the Settlement Administrator.

11  Settlement Agreement at ¶ 26.  The parties intend to provide an opt-in form, along with

12  notices provided to putative FLSA plaintiffs, and the Settlement Administrator will also

13  make the opt-in form available for download from its website.  See JSR at 3 (docket

14  no. 65).  The Court has reviewed the proposed FLSA Opt-In Form, Ex. 3 to Dharap Decl.

15  (docket no. 66-3), and concludes that the form is consistent with the requirements of the

16  FLSA and the jurisprudence relating to collective actions and hybrid actions involving

17  both FLSA and non-FLSA claims.  See Beltran v. Olam Spices & Vegetables, Inc.,

18  No. 18-cv-1676, 2021 WL 1105246 (E.D. Cal. Mar. 23, 2021); Hudson v. Libre Tech.

19  Inc., No. 18-cv-1371, 2019 WL 5963648 (S.D. Cal. Nov. 13, 2019); Smith v. Kaiser

20  Found. Hosps., No. 18-cv-780, 2019 WL 5864170 (S.D. Cal. Nov. 7, 2019); Johnson v.

21  Quantum Learning Network, Inc., No. 15-CV-5013, 2016 WL 8729941 (N.D. Cal. Aug.

22  12, 2016).

23

**Claim Linking**: The parties have endeavored to make clear within their proposed notice, Ex. 2 to Dharap Decl. (docket no. 66-2), that putative FLSA plaintiffs need not forego their FLSA claims to participate in the settlement of the AWHA claim. The following revisions (shown in red font) are, however, necessary to ensure that individuals receiving the notice are not confused.

**On Page 1**:

BASED ON YOUR HOURS WORKED DURING THE CLASS PERIODS, YOUR **ESTIMATED** SHARE OF THE SETTLEMENT IS:

AWHA INDIVIDUAL SETTLEMENT PAYMENT: $_____    **(if you do nothing)**

FLSA INDIVIDUAL SETTLEMENT PAYMENT: $_____    **(only if you opt in)**

The FLSA Individual Settlement Payment amount is in addition to the AWHA Individual Settlement Payment amount, but to obtain both amounts, you must opt in to the settlement of the federal (FLSA) claim. If you did not work for UniSea between March 16, 2018, and March 16, 2019, then you are not entitled to any FLSA Individual Settlement Payment.

**On Page 2**:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| DO NOTHING | If you do nothing, you will be considered part of the AWHA Settlement Class, and you will receive a settlement payment as explained more fully below. You will not participate in the FLSA Settlement, and you will not receive a payment under that portion of the settlement. You will retain your rights to pursue a separate action under the FLSA, but y~~Y~~ou ~~also~~ will give up rights to pursue a separate AWHA legal action against Uni~~s~~Sea, as explained more fully below. |
| OPT IN TO THE SETTLEMENT OF THE FEDERAL CLAIMS | To participate in the FLSA Settlement, you must return the FLSA Opt-In Form. You will then be included in the FLSA Settlement and will receive ~~an additional settlement~~ payment under that portion of the Settlement. You also will give up rights to pursue a separate legal action under the FLSA against Uni~~s~~Sea, as explained more fully below. ~~You may participate in both the AWHA Settlement and the FLSA Settlement. However, i~~If you do not return the FLSA Opt-In Form by the deadline, you will not receive a payment under that portion of the Settlement. |

ORDER - 6

| | |
|---|---|
| **EXCLUDE YOURSELF FROM THE ALASKA SETTLEMENT** | You have the option to pursue separate legal action against UniSea, ~~Defendant about~~ asserting the AWHA claims that were pleaded in this lawsuit. If you choose to do so, you must exclude yourself, in writing, from the AWHA Settlement. You may use the AWHA Opt-Out Form provided with this notice. ~~As a result~~ If you opt out of the AWHA Settlement, you will not receive any benefits under that portion of the Settlement. You may opt in to the FLSA Settlement even if you exclude yourself from the AWHA Settlement. |
| **OBJECT** | To object to the Settlement, you ~~must~~ may write to the ~~Court~~ Settlement Administrator about why you don't like the Settlement. You may also present your objection at the Final Approval Hearing. This option is available only if you do not exclude yourself from the AWHA Settlement or if you opt in to the FLSA Settlement. |

## II. WHAT WILL I RECEIVE FROM THE SETTLEMENT?

The following are aspects of the Settlement preliminarily approved by the Court:

- UniSea will pay a Gross Settlement Amount of $600,000 which will include, among other things: (1) payments to the Participating Class Members (i.e., those Class Members who do not submit a request to be excluded from the AWHA Settlement and/or who opt in to the FLSA Settlement); (2) Class Counsel's attorneys' fees (up to 30% of the Gross Settlement Amount, i.e., $180,000) and costs (up to an additional $5,000), subject to Court approval; (3) service payment to the Class Representative of up to $5,000, subject to Court approval; and (4) ~~S~~settlement administration costs (estimated to be no more than $27,950). UniSea will also pay, on top of and in addition to the Gross Settlement Amount, the employer-side portion of the payroll taxes (i.e. the employer's portion of the payroll taxes) on the wage component of all Class Members' Individual Settlement Payments.

- AWHA Individual Settlement Payments will be distributed to all Class Members except for those who elect to opt-out of the AWHA Settlement per the terms in Section IV.D. below. Additional FLSA Individual Settlement P~~p~~ayments will be distributed to those Class Members who elect to opt in to the FLSA Settlement per the terms in Section IV.A. below.

**Serving Notice**:  The parties previously proposed to send notice packets solely via U.S. mail, but in response to the Court's queries about whether such method was the best practicable, the parties have altered their plan.  The employees at issue, and the type of contact information available for them, are as follows:

ORDER - 7

| Status | Number | Contact Information |
|---|---|---|
| Current Employees | 321 | c/o UniSea at Dutch Harbor facility |
| Former Employees | 1,524 | mailing addresses known (896)<br>email addresses known (595)<br>only cell phone numbers known (30)<br>only home phone numbers known (3)<br>no contact information known (10) |

*See* JSR at 5–6 (docket no. 65); JSR at 1–2 (docket no. 68).  The parties now propose the following notice plan.  Notices will be sent to current employees at the facility where they work, and UniSea will provide a declaration concerning how many notices were successfully delivered.  Notices will be sent to former employees at physical mailing addresses and/or email addresses on file.  If no physical address or email address is available, then notice will be sent via text message.[4]  If only a home phone number is known, then further efforts will be made to obtain other contact information.  The parties anticipate that this hybrid approach will reach all but about one-half to seven-tenths of one percent (0.5–0.7%) of the putative FLSA plaintiffs and AWHA class members.

---

[4] The parties have proposed a text message that contains a link to the Settlement Administrator's website, as well as the website's uniform resource locator ("URL"), and would read as follows:

> This is a court-approved notice relating to the case AMICHAI OHRING V. UNISEA INC, Case No. 2:21-CV-00359-TSZ.  Your rights may be affected by this action.  Please visit the link below by clicking or entering it into a browser to view the full notice regarding how your rights may be affected and any monetary payment you are estimated to receive.  [URL Link].  You may also call the Settlement Administrator, Phoenix, at [phone number] to learn more.

JSR at 3 (docket no. 68).  This message contains over 450 characters, but the limit for a standard text is 160 characters.  The Court authorizes a much simpler, appropriate-length text that reads as follows:

> You might be affected by a proposed settlement of claims against UniSea.  To learn more, please go to [URL] or call [800-xxx-xxxx].

ORDER - 8

**Conclusion**

For the foregoing reasons, the Court hereby ORDERS:

(1) Plaintiff's unopposed motion for preliminary approval of a collective and class action settlement, docket no. 52, is GRANTED as follows.

(2) The Joint Settlement Agreement and Release executed by the parties, Ex. 1 to Dharap Decl. (docket no. 66-1), is preliminarily APPROVED. The proposed collective and class action settlement is not obviously deficient and no evidence exists at this stage of the proceedings of any fraud, collusion, overreaching, or disregard of the rights of putative FLSA plaintiffs or absent AWHA class members on the part of any party. Sufficient discovery was conducted in this case, and Class Counsel has sufficient experience in similar proceedings to propose this settlement. The Ninth Circuit's decision to require the parties to arbitrate their dispute posed a significant risk to plaintiff's ability to achieve any recovery on behalf of others similarly situated, and against this backdrop, the Court makes a preliminary finding that the proposed settlement is fair, reasonable, and adequate. <u>See</u> Fed. R. Civ. P. 23(e)(2); <u>see also</u> <u>Cavazos v. Salas Concrete Inc.</u>, No. 19-cv-62, 2022 WL 506005, at *5–6 & *13–14 (E.D. Cal. Feb. 18, 2022). The Court's preliminary approval is subject to change pending the outcome of a hearing on final approval of the proposed settlement.

(3) Pursuant to the FLSA, 29 U.S.C. § 216(b), the Court CONDITIONALLY CERTIFIES a collective action involving the following similarly-situated employees:

> Each individual who worked for UniSea, Inc. as a "seafood processor" during the period from March 16, 2018, to November 17, 2021, and who timely opts in to this action.

ORDER - 9

*See* Settlement Agreement at ¶¶ 12 & 15.  The Court finds that these putative plaintiffs are "alike in ways that matter to the disposition of their FLSA claims" because they held the same job and were uniformly subject to the compensation procedures that led to the alleged FLSA violation.  *See* *Hudson*, 2019 WL 5963648, at *7 (quoting *Smothers v. NorthStar Alarm Servs., LLC*, No. 17-cv-548, 2019 WL 280294, at *8 (E.D. Cal. Jan. 22, 2019) (quoting *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1114 (9th Cir. 2018))).

(4) With respect to the AWHA claim, the Court CERTIFIES for settlement purposes the following Class:

> Each individual who worked for UniSea, Inc. as a "seafood processor" during the period from March 16, 2019, to November 17, 2021, and who does not timely opt out of this action.

*See* Settlement Agreement at ¶¶ 12 & 15.  The Court CONCLUDES that this Class (also referred to as the AWHA Class) satisfies the following prerequisites:  (i) the Class is so numerous that joinder of all members is impracticable; (ii) questions of law and fact common to all members of the Class exist; (iii) the claims of the Class Representative are typical of the claims of the class members; (iv) the Class Representative and Class Counsel meet the criteria for fair and adequate representation; (v) the questions of law and fact that are common to class members predominate over questions affecting only individual members; (vi) resolution by a class action settlement is superior to other available methods of adjudicating the dispute; and (vii) the interests of absent class members who wish to litigate their claims for damages individually are adequately protected by the notice and opt-out provisions described in the Settlement Agreement.  *See* Fed. R. Civ. P. 23(a) & (b)(3).

(5) Plaintiff Amichai Ohring is APPOINTED as Class Representative.  Julie Erickson, of Erickson Kramer Osborne LLP, and Shounak S. Dharap, of Arns Davis Law, are APPOINTED as Class Counsel.  Phoenix Settlement Administrators is APPOINTED as Settlement Administrator.

(6) The proposed forms of notice, with the amendments previously outlined in this Order, are APPROVED, and the plan for serving notice is APPROVED.[5]  The Court concludes that the proposed forms of notice, **as revised**, see supra pages 6–8 and note 4, meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), and that the proposed plan for serving notice via U.S. mail and/or email or by text message, to the extent that contact information is available, provides the best notice practicable under the circumstances.

(7) The proposed AWHA Opt-Out and FLSA Opt-In forms are APPROVED, provided that the verbiage at the bottom of each form is revised to indicate that the forms will be filed under seal, as opposed to redacted and publicly filed.  Filing the forms under seal will protect not only the social security numbers contained therein, but also the identities, contact information, and signatures of individuals submitting completed forms.  Each form should advise that (i) only the Settlement Administrator will have access to the unredacted version of the completed form, (ii) the social security number will be redacted

---

[5] With regard to the three (3) former UniSea employees for whom only a home phone number is known, the Settlement Administrator shall attempt to reach each of these individuals by phone on three (3) separate occasions, spaced approximately two (2) weeks apart.  The Court DECLINES to adopt the parties' proposal for the Settlement Administrator to place calls once per week for the duration of the notice period; such frequency is potentially harassing.

and the redacted version of the form will be filed under seal, (iii) only Class Counsel, UniSea's attorney, and the Court will have access to the redacted version, and (iv) the completed form will not be available to the public.

(8) The Settlement Administrator shall establish a website for this matter and shall include the website's address in the notices to be sent to the individuals described in Paragraphs 3 and 4, above.  The Settlement Administrator shall maintain this website until further order of the Court.  Such website shall allow anyone visiting it to view and download copies of (i) the operative pleadings and relevant motions, including any motion for attorney's fees and costs and any motion for final approval of the proposed collective and class action settlement, (ii) the Settlement Agreement, (iii) the Orders and substantive Minute Orders of the Court, including this Order and the Minute Order entered June 14, 2023 (docket no. 62), and (iv) the notices and forms described in Paragraphs 6 and 7, above.  The Settlement Administrator shall capture screen shots of the website on the date that notices are distributed and on a monthly basis thereafter until the date of the final settlement approval hearing, and shall submit such screen shots along with any declaration filed in support of any motion for final approval of the proposed class action settlement.

(9) A final settlement approval hearing is SCHEDULED for **April 19, 2024**, **at 11:00 a.m.**, in Courtroom 15206 on the 15th Floor of the United States Courthouse, located at 700 Stewart Street in Seattle, Washington.  If the final settlement approval hearing needs to be rescheduled or if it must be conducted remotely via telephone or

ORDER - 12

videoconference, counsel will be advised and notice shall be posted in advance on the website maintained by the Settlement Administrator.

(10)    UniSea shall provide lists of the individuals described in Paragraphs 3 and 4, above, to the Settlement Administrator on or before **November 20, 2023**.  On or before **December 22, 2023**, notices in the forms approved in Paragraph 6, above, shall be sent to the individuals described in Paragraphs 3 and 4, above, via the service plan proposed by the parties and approved by the Court.

(11)    Plaintiff's motion for attorney's fees and costs shall be filed by **January 8, 2024**, and noted for April 5, 2024.  Any response to such motion by a collective or class member <u>who is represented by an attorney</u> other than Class Counsel must be filed with the Court by March 29, 2024.  Any response to such motion by a collective or class member who is **not** represented by separate counsel must be submitted to Class Counsel and postmarked by **March 1, 2024**.  Class Counsel shall collate and file **under seal** as an attachment to any reply, all responses from collective or class members who are not represented by separate counsel.  Any reply shall be filed by the noting date, but no reply need be filed if no response is filed with the Court or received by Class Counsel.  To the extent that the proposed notice to collective and class members is inconsistent with the provisions of this paragraph, the parties are DIRECTED to revise the notice accordingly.

(12)    The deadline for opting in to the FLSA collective action is **March 1, 2024**.  Any individual described in Paragraph 3, above, who does not timely opt in to the FLSA collective action will not be bound by the terms of the Settlement Agreement relating to

ORDER - 13

the FLSA claim and will not receive any share of the net settlement proceeds allocated to the FLSA claim.

(13) The deadline for opting out of the AWHA Class is **March 1, 2024**. Any AWHA Class member timely requesting to be excluded will not be bound by the terms of the Settlement Agreement relating to the AWHA claim and will not receive any share of the net settlement proceeds allocated to the AWHA claim.

(14) The deadline for submitting a written objection to the proposed settlement is **March 1, 2024**. All opt-in/opt-out forms and any objections shall be submitted to the Settlement Administrator, not to the Court.

(15) Any motion for final approval of the proposed collective and class action settlement shall be filed by **March 28, 2024**, and noted for April 12, 2024. Such motion shall be accompanied by an appropriate declaration of the Settlement Administrator, summarizing the rates and natures of the responses, and providing copies **under seal** of all opt-in and opt-out forms and written objections. Such materials shall not be filed in piecemeal fashion or in advance of any motion for final approval of the proposed settlement.

IT IS SO ORDERED.

The Clerk is directed to send a copy of this Order to all counsel of record.

Dated this 8th day of November, 2023.

Thomas S. Zilly
United States District Judge

ORDER - 14