1

2

3

4

5          UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
6                      AT SEATTLE

7
     AMICHAI OHRING, individually and
8    on behalf of others similarly situated,

9                          Plaintiff,              C21-0359 TSZ

10            v.                                   MINUTE ORDER

11   UNISEA, INC.,

12                         Defendant.

13         The following Minute Order is made by direction of the Court, the Honorable
     Thomas S. Zilly, United States District Judge:
14

15         (1)     According to the Settlement Administrator, twelve (12) individuals have
     excluded themselves from the Alaska Wage and Hour Act ("AWHA") Class in this
16   matter.  _See_ Salinas Decl. at ¶ 18 & Ex. I (docket nos. 84 & 88).  Six (6) of the people
     who submitted AWHA opt-out forms, however, also completed opt-in forms so that they
17   could participate in the settlement of the related Fair Labor Standards Act ("FLSA")
     collective action.  _Compare_ Ex. I to Salinas Decl. (docket no. 88 at 9 & 11–15) _with_ Ex. J
     to Salinas Decl. (docket no. 89 at 88–89, 109, 119, 130, 153, & 156).  In addition, another
18   individual submitted both an FLSA opt-in form and an AWHA opt-out form, but the
     latter form was not signed, and the Settlement Administrator has apparently disregarded
19   it.  _See_ Ex. J to Salinas Decl. (docket no. 89 at 32–36).  With regard to these seven (7)
     people, the Settlement Administrator is DIRECTED to make contact to clarify whether
20   they intended to exclude themselves from the AWHA Class or merely to opt in to the
     FLSA collective action.
21
           (2)     In April 2024, the Settlement Administrator sent notice of the proposed
22   settlement via email to 767 former employees of UniSea, Inc. ("UniSea").  Salinas Decl.
     at ¶ 13 (docket no. 84).  The Settlement Administrator has not, however, provided any

23

MINUTE ORDER - 1

information concerning the number or percentage of these emails that bounced.  Absent such data, the Court cannot determine whether the service methods used in this matter provided the best notice practicable under the circumstances.

(3)     The Settlement Administrator has calculated the net settlement fund using incorrect figures.  The parties have agreed to a gross settlement fund of $600,000.  *See* Paragraph 20 of the Joint Settlement Agreement and Release dated August 4, 2023 ("Settlement Agreement"), Ex. 1 to Dharap Decl. (docket no. 66-1).  From this amount, Class Counsel seek to receive $180,000 in attorney's fees and $2,212.52 in costs, and plaintiff requests a service award of $5,000.  *See* Pl.'s Mot. (docket no. 71).  The Settlement Administrator proposes to deduct another $32,000, *see* Salinas Decl. at ¶ 30 & Ex. L (docket nos. 84 & 84-12), but settlement administration costs were capped at $27,950, as reflected in the Court's prior ruling, *see* Order at 4 (docket no. 69) (citing Settlement Agreement at ¶ 20), and the notices sent to putative FLSA plaintiffs and AWHA Class members, *see* Exs. A, C, & H to Salina Decl. (docket nos. 84-1, 84-3, & 84-8).  Because the Settlement Administrator has not properly computed the net amount of the settlement, the amounts allocated to the settlement of the AWHA claim (90%) and to the settlement of the FLSA claim (10%) are also erroneous.  This mistake further affects the determination of the total to be paid to individuals who opted in to the FLSA collective action, as well as the amount, if any, remaining in the FLSA settlement fund, which must be reallocated to the AWHA settlement fund pursuant to Paragraph 34.c.iii of the Settlement Agreement.  The Court is unable to recalculate these latter figures because neither the Settlement Administrator nor the parties have provided the requisite data about "FLSA Hours Worked," as defined in Paragraph 22 of the Settlement Agreement.[1]

(4)     The Settlement Administrator has indicated that the AWHA Class consists of 1,590 members.  This number might need updating as a result of the inquiry required in Paragraph 1, above.  In addition, more information is needed to reconcile this figure with the number of notices distributed to putative FLSA plaintiffs and AWHA Class

---

[1] Paragraph 34.c.i of the Settlement Agreement provides:  "Each Class Member's FLSA Hours Worked will be divided by the sum total of all Class Members' FLSA Hours Worked during the FLSA Class Period.  This calculation will result in a percentage figure for each Class Member, which will then be multiplied by the FLSA Settlement Amount . . . ."  This computation yields that "Individual FLSA Payment."  *Id.*  Paragraph 34.c.iii of the Settlement Agreement further requires that "the Individual FLSA Payments attributable to Class Members who did not opt in to the FLSA Settlement shall be aggregated and reallocated to the AWHA Settlement Amount to be distributed to AWHA Settlement Class Members."  Thus, the FLSA Hours Worked by the individuals who have opted in to the FLSA collective action and the total FLSA Hours Worked by all putative FLSA plaintiffs during the FLSA Class Period (March 16, 2018, to November 17, 2021) are needed to compute the amount to be reallocated to the settlement of the AWHA claim.

members.  Assuming that none of the notices sent by the Settlement Administrator were duplicative, the total number of putative FLSA plaintiff and AWHA Class members appears to be 1,932.[2]  Whether the difference in figures represents the number of people who worked for UniSea prior to March 16, 2019, and are therefore not members of the AWHA Class, remains unclear.

(5)     **On or before October 17, 2024**, the Settlement Administrator shall file a supplemental declaration setting forth (i) its efforts and the results of communications pursuant to Paragraph 1, above, (ii) the missing information described in Paragraphs 2, 3, and 4, above, and (iii) its revised calculations of the net settlement amount, the FLSA and AWHA allocations, and the maximum and average recoveries with respect to the FLSA and AWHA claims.

(6)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 3rd day of October, 2024.

Ravi Subramanian
Clerk

s/Laurie Cuaresma
Deputy Clerk

---

[2] This figure accounts for (i) 103 individuals who were employed by UniSea in December 2023, (ii) former UniSea employees who were sent notice in December 2023 via U.S. mail (1,014), in April 2024 by email (767), or through text messages (34), and (iii) 14 individuals who could not be reached at landline (home) numbers on file or for whom no contact information is known.

MINUTE ORDER - 3