UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMICHAI OHRING, individually and on behalf of others similarly situated,

    Plaintiff,

v.

UNISEA, INC.,

    Defendant.

C21-0359 TSZ

ORDER AND JUDGMENT

THIS MATTER comes before the Court on (i) plaintiff Amichai Ohring's motion, docket no. 82, for final approval of a settlement memorialized in the Joint Settlement Agreement and Release dated August 4, 2023, Ex. 1 to Dharap Decl., docket no. 66-1 ("Settlement Agreement"), and (ii) plaintiff's motion, docket no. 71, for attorney's fees, costs, and service awards. Having considered all papers filed in support of the motions, and having conducted a hearing on October 25, 2024 (the "Final Approval Hearing"), at which no person appeared other than a representative of Phoenix Class Action Administration Solutions, also known as Phoenix Settlement Administrators ("Phoenix"), and attorneys representing plaintiff or defendant UniSea, Inc. ("UniSea"), the Court enters the following Order and Judgment.

ORDER AND JUDGMENT - 1

**Background**

In this litigation, plaintiff asserted two claims: (i) a collective action claim pursuant to the Fair Labor Standards Act ("FLSA"); and (ii) a class action claim pursuant to Federal Rule of Civil Procedure 23(b)(3) and the Alaska Wage and Hour Act ("AWHA"). See Compl. at ¶¶ 28, 32, & 35–48 (docket no. 1). By Order entered November 9, 2023, the Court conditionally certified, pursuant to the FLSA, 29 U.S.C. § 216(b), a collective action involving

> each individual who worked for UniSea, Inc. as a "seafood processor" during the period from March 16, 2018, to November 17, 2021, and who timely opts in to this action,

finding that these putative plaintiffs are "alike in ways that matter to the disposition of their FLSA claims" because they held the same job and were uniformly subject to the compensation procedures that led to the alleged FLSA violation. Order at 9–10, ¶ 3 (docket no. 69) (quoting Hudson v. Libre Tech. Inc., No. 18-cv-1371, 2019 WL 5963648, at *7 (S.D. Cal. Nov. 13, 2019) (quoting Smothers v. NorthStar Alarm Servs., LLC, No. 17-cv-548, 2019 WL 280294, at *8 (E.D. Cal. Jan. 22, 2019) (quoting Campbell v. City of Los Angeles, 903 F.3d 1090, 1114 (9th Cir. 2018)))). The Court also certified, for settlement purposes, an AWHA Class that includes

> each individual who worked for UniSea, Inc. as a "seafood processor" during the period from March 16, 2019, to November 17, 2021, and who does not timely opt out of this action,

concluding that the AWHA Class satisfied the prerequisites of both Rules 23(a) and 23(b)(3). Id. at 10, ¶ 4 (docket no. 69). The appointed Class Representative Amichai Ohring, see id. at 11, ¶ 5, now seeks final approval of the proposed settlement of this

ORDER AND JUDGMENT - 2

collective and class action, as well as a service award of $5,000.  The appointed Class Counsel Julie Erickson, of Erickson Kramer Osborne LLP, and Shounak S. Dharap, of Arns Davis Law, see id., request attorney's fees in the amount of $180,000, as well as $2,212.52 in litigation costs.

**Discussion**

The path toward a final settlement of this matter has not been without obstacles.  The Court concluded that the parties' initially proposed settlement could not be approved because it (i) failed to allocate between the FLSA and AWHA claims; (ii) incorporated a deficient opt-in procedure for the FLSA claim; (iii) improperly linked the decision whether to opt-in to the FLSA collective action to the pro rata recovery of settlement proceeds relating to the AWHA claim; and (iv) did not propose the best practicable method of serving notice on the putative FLSA plaintiffs and members of the AWHA Class.  See Minute Order at ¶¶ 2(a)–(c) & (f) (docket no. 62).  The parties subsequently re-negotiated the terms of their settlement,[1] and the Court preliminarily approved the revised proposed settlement.  See Order (docket no. 69).  The Court directed that notices in the approved forms be sent (1) to current employees of UniSea at the facility where they work, with UniSea bearing responsibility for providing a declaration concerning how many notices were successfully delivered; and (2) to former UniSea employees

---

[1] When the parties first presented their proposed settlement to the Court, they failed to provide the requisite notices to the appropriate state and federal officials.  See Minute Order at ¶ 1(d) (docket no. 57) (citing 28 U.S.C. § 1715); Joint Status Report at 2, § D (docket no. 58).  The parties eventually served § 1715 notices, see Omata Decl. at ¶¶ 3–5 (docket no. 61), albeit concerning settlement terms that have since been revised.  Nevertheless, the statutory 90-day waiting period has elapsed without any objection being lodged by an Attorney General to whom notice was sent.  See Order at 2–3 (docket no. 69).

ORDER AND JUDGMENT - 3

(a) at physical mailing addresses and/or email addresses on file, (b) via text message, if no physical address or email address was available, or (c) by engaging in further efforts, if only a land-line (home) phone number was known. See id. at 13, ¶ 10.

On March 28, 2024, the Court was informed that Phoenix, the appointed Settlement Administrator, see id. at 11, ¶ 5, failed to email notices to 767 former UniSea employees for whom no physical mailing address was on file. See Stip. Mot. at 2–3 (docket no. 77). In addition, Phoenix had neglected to (i) post on the settlement website a copy of the motion for attorney's fees, costs, and service award, and (ii) take the requisite screenshots of the settlement website. Id. at 3. As a result, the Court continued the Final Approval Hearing from April 19, 2024, to October 25, 2024, and extended the deadlines for opting in to the FLSA collective action, opting out of the AWHA Class, and submitting objections to the proposed settlement and/or the requests for attorney's fees, costs, and service award. See Minute Order at ¶ 1(a) & (c)–(d) (docket no. 79). The Court directed Phoenix to send out appropriate notices, update the settlement website accordingly, and make arrangements for a representative to appear in person at the Final Approval Hearing to explain why it failed to comply with the Court's Order, describe what steps have been taken to ensure that similar errors are not repeated in the future, and address whether its fees should be reduced. See id. at ¶ 1(f); see also Minute Order at ¶¶ 1–4 (docket no. 81).

In connection with plaintiff's motion for final approval of the proposed settlement, the declaration of a case manager for Phoenix was submitted. See Salinas Decl. (docket no. 84). After reviewing the declaration and the exhibits appended thereto, the Court

ORDER AND JUDGMENT - 4

directed Phoenix to file a supplemental declaration addressing certain inconsistencies, deficiencies, and inaccuracies.  <u>See</u> Minute Order (docket no. 90).  Together, the original and supplemental declarations provided the following information.

**A.      Notices**

Notices about the proposed settlement and about the rescheduled Final Approval Hearing and extended deadlines were sent as follows:

| Status | Number | Original Notice December 2023 | Number | Corrective Notice April 2024 |
|---|---|---|---|---|
| Current Employees | 103 | packet via email to UniSea for printing & delivery at Dutch Harbor facility | 77 | postcard via email to UniSea for printing & delivery at Dutch Harbor facility |
| Current/Former Employees[2] | N/A | | 23[2] | via email only |
| Former Employees | 1,014[3] | U.S. first-class mail[4] | 1,017[5] | U.S. first-class mail |

[2] Of the individuals employed by UniSea when the original notice was sent in December 2023, twenty-three (23) were not at the Dutch Harbor facility in April 2024, when the corrective notice was distributed, and no mailing address was on file for them.  <u>See</u> Salina Decl. at ¶¶ 15–17 & n.1 (docket no. 84).  Six (6) of these people were no longer employed by UniSea, and seventeen (17) were away on vacation.  <u>See id.</u> at ¶ 17.  Three (3) others had also left UniSea's employment, but corrective notices were sent to their last known mailing address.  <u>Id.</u> at n.1.

[3] This figure includes 1,012 former employees for whom UniSea supplied last known addresses to the Settlement Administrator plus two (2) former employees for whom the Settlement Administrator obtained contact information by calling them at the land-line (home) number provided by UniSea.  <u>See</u> Salinas Decl. at ¶¶ 4(a) & 6–7 (docket no. 84).

[4] Of the packets sent by mail, 160 were returned.  Salinas Decl. at ¶ 9 (docket no. 84).  Using the TransUnion TLOxp database, the Settlement Administrator "skip traced" 150 addresses and remailed the packets.  <u>Id.</u>  Ten (10) packets remain undeliverable.  <u>Id.</u> at ¶ 10.

[5] This number includes three (3) individuals who were employed by UniSea at the time the original notice was sent but were no longer employed by UniSea at the time of the corrective notice.  Salina Decl. at ¶ 15 & n.1 (docket no. 84).

ORDER AND JUDGMENT - 5

| Status | Number | Original Notice December 2023 | Number | Corrective Notice April 2024 |
|---|---|---|---|---|
| Former Employees | 0 | no notices sent via email | 767 | via email[6] |
| | 34 | text message to cell phone number | 34 | text message to cell phone number |
| | 0 | phone calls to land-line (home) number<br>• 3 not in service<br>• 1 no answer and no voicemail | | N/A |
| **TOTAL** | **1,151** | notice sent via delivery, U.S. first-class mail (10 undeliverable), or text | **1,918** | notice sent via delivery, U.S. mail (10 presumably undeliverable), email (80 bounced), or text |

The parties previously indicated that UniSea has no contact information for ten (10) former employees who would qualify as putative FLSA plaintiffs and/or members of the AWHA Class. See Joint Status Report at 6 (docket no. 65). The physical or email addresses or phone numbers for another 94 former UniSea employees have since been determined to be invalid. The parties originally estimated that the number of putative FLSA plaintiffs and AWHA Class members was 1,845. See id. at 5. As reflected in Phoenix's supplemental declaration, the total is closer to 1,932, with 320 individuals being potential FLSA plaintiffs but not members of the AWHA Class because their employment with UniSea terminated prior to March 16, 2019. See Salinas Supp. Decl. at ¶¶ 9–10 (docket no. 91). Given the twenty-four (24) persons who could not be reached and the number of bounced emails (80), which together represent roughly 5.4% of the individuals eligible to participate in the proposed settlement, the Court CONCLUDES

---

[6] Of the 767 emails sent for the first time in April 2024, eighty (80) of them (or 10.4%) bounced or were undeliverable. See Salinas Supp. Decl. at ¶ 5 (docket no. 91).

ORDER AND JUDGMENT - 6

that the service methods used in this matter provided the best notice practicable under the circumstances.

**B.     Responses**

According to the declaration that accompanied the pending motion for final approval of the proposed settlement, the Settlement Administrator received twelve (12) opt-out requests from members of the AWHA Class.  *See* Salinas Decl. at ¶ 18 & Ex. I (docket nos. 84 & 88).  The Court observed that six (6) of the AWHA opt-out forms were submitted by individuals who also completed FLSA opt-in forms.  *Compare* Ex. I to Salinas Decl. (docket no. 88 at 9 & 11–15) *with* Ex. J to Salinas Decl. (docket no. 89 at 88–89, 109, 119, 130, 153, & 156).  Another AWHA Class member sent both an FLSA opt-in form and an AWHA opt-out form, but the latter form was not signed, and the Settlement Administrator disregarded it.  *See* Ex. J to Salinas Decl. (docket no. 89 at 32–36); *see also* Salinas Supp. Decl. at ¶ 4 (docket no. 91).  The Court directed Phoenix to make contact with these seven (7) people to clarify their intentions.  *See* Minute Order at ¶ 1 (docket no. 90).

Phoenix subsequently reported that it had actually received twenty-eight (28) contradictory submissions.  Salinas Supp. Decl. at ¶ 3 (docket no. 91).  Phoenix was able to contact twenty (20) of these individuals, all of whom clarified that they intended to opt in to the FLSA collective action, but not to opt out of the AWHA Class.  *Id.*  Class Counsel instructed Phoenix to give effect to both of the inconsistent forms received from the remaining eight (8) people whom Phoenix was unable to reach prior to the date of its initial declaration, September 26, 2024.  *Id.*  The Court disagrees with Class Counsel's

ORDER AND JUDGMENT - 7

guidance. Given the clear and overwhelming evidence of confusion among AWHA Class members who submitted contradictory forms, the Court DIRECTS the Settlement Administrator to disregard the opt-out forms of AWHA Class members who also opted in to the FLSA collective action. The Court CONCLUDES that such individuals have expressed an intent to participate in the proposed settlement and that they should receive their full pro rata share of the net proceeds.

As of September 26, 2024, the Settlement Administrator had received FLSA opt-in forms from 119 individuals. Salina Decl. at ¶ 20 & Ex. J (docket nos. 84 & 89). This figure reflects only six percent (6%) of the persons to whom notice of the proposed settlement was sent, but it shows a 37% response rate when compared to the number of putative FLSA plaintiffs who have no AWHA claim because they ceased working for UniSea before March 16, 2019. No objections to either the proposed settlement or the request for attorney's fees, costs, and service award were received. *Id.* at ¶ 21. On December 22, 2023, Phoenix launched a website dedicated to this matter, and it has maintained the website to the present date; relevant documents have been made available on the website, and FLSA opt-in and AWHA out-out forms may be submitted via the website. *Id.* at ¶¶ 22–23. The website has been visited at least 3,489 times. *Id.* at ¶ 23. The Court is persuaded that putative FLSA plaintiffs and AWHA Class members who received notice of the proposed settlement had ample opportunity to and likely did obtain additional information. The Court is also satisfied that the process of opting-in to the FLSA collective action and/or opting-out of the AWHA Class was relatively easy, and

ORDER AND JUDGMENT - 8

1  that the relatively low opt-in and unequivocal out-out rates reflect individual decisions or
2  disinterest, rather than the result of any systemic barrier to submitting the forms.

3  **C.    <u>Calculations</u>**

4        The parties have agreed to a gross settlement fund of $600,000.  <u>See</u> Settlement
5  Agreement at ¶ 20 (docket no. 66-1).  From this amount, Class Counsel seek to deduct
6  $180,000 in attorney's fees and $2,212.52 in costs, plaintiff requests a service award of
7  $5,000, and the Settlement Administrator requests $27,950, resulting in a projected net
8  settlement fund of $384,837.48.  Pursuant to the parties' agreement, which the Court
9  previously found fair and reasonable in light of the circumstances, ninety percent (90%)
10 of the net settlement fund ($346,353.73) is allocated to the settlement of the AWHA
11 claim ("AWHA Settlement Amount') and ten percent (10%) of the net amount
12 ($38,483.75) is allocated to the settlement of the FLSA claim ("FLSA Settlement
13 Amount").  <u>See</u> Order at 4–5 (docket no. 69).  According to the Settlement Administrator,
14 the 119 individuals who submitted opt-in forms are entitled to receive, in the aggregate,
15 $2,112.30 from the FLSA Settlement Amount (or, on average, $17.75 per person).  <u>See</u>
16 Salinas Supp. Decl. at ¶ 7 (docket no. 91) (indicating that the individuals who have opted
17 in as FLSA plaintiffs collectively worked 174,051.66 hours out of a total of 3,171,025.50
18 FLSA hours).  Pursuant to the terms of the Settlement Agreement, the balance of the
19 FLSA Settlement Amount ($36,371.45) must be reallocated to the settlement of the
20 AWHA claim.  Settlement Agreement at ¶ 34.c.iii (docket no. 66-1).  Thus, the net sum
21 available for distribution to the 1,598 AWHA Class members is $382,725.18, and the

ORDER AND JUDGMENT - 9

average share of the AWHA Settlement Amount is roughly $239.50.  *See* Salinas 2d Supp. Decl. at ¶ 5 (docket no. 92).

**Conclusion**

In light of the foregoing information, the Court ORDERS as follows:

(1) The Court has federal-question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1367.

(2) Plaintiff's unopposed motion for final approval of a collective and class action settlement, docket no. 82, is GRANTED.

(3) The Court FINDS that notices were sent to roughly 94.6% of all putative FLSA plaintiffs and AWHA Class members, and that the service methods employed at the Court's direction provided the best notice "practicable under the circumstances," *see* Fed. R. Civ. P. 23(c)(2)(B), and comported with the requirements of due process.

(4) The Court APPROVES the Joint Settlement Agreement and Release dated August 4, 2023, Ex. 1 to Dharap Decl. (docket no. 66-1), which was executed by Class Representative Amichai Ohring, UniSea's Vice President of Corporate Affairs, and the attorneys of record, FINDS in accordance with Federal Rule of Civil Procedure 23(e)(2) that the Settlement Agreement memorializes a fair, reasonable, and adequate settlement as to individuals who have opted in to the FLSA collective action and as to all members of the AWHA Class, and DIRECTS that the Settlement Agreement be consummated pursuant to its terms and conditions.

(5) The Minute Orders entered June 14, 2023, and October 10, 2023, docket nos. 62 and 67, the Order entered November 9, 2023, docket no. 69, in which the

proposed collective and class action settlement was preliminarily approved, and the Minute Orders entered March 29, 2024, April 17, 2024, and October 3, 2024, docket nos. 79, 81, and 90, are hereby INCORPORATED herein by reference.

(6) The claims of (i) each individual who has opted in to the FLSA collective action, and (ii) each member of the AWHA Class, that were or could have been asserted in this action, are hereby DISMISSED with prejudice, and the release of claims set forth in the Settlement Agreement shall have binding effect, provided, however, that all persons who have not opted in to the FLSA collective action and all individuals who have unambiguously opted out of the AWHA Class, are not bound by this dismissal or the terms of the Settlement Agreement.  Any individual who did not opt in to the FLSA collective action shall not receive any of the proceeds from the FLSA Settlement Amount, and any person who has opted out of the AWHA Class shall not receive any of the proceeds from the AWHA Settlement Amount.

(7) Plaintiff's unopposed motion for attorney's fees, costs, and a service award, docket no. 71, is GRANTED.  Class Counsel Julie C. Erickson and Shounak S. Dharap, as well as their firms Erickson Kramer Osborne LLP and Arns Davis Law, along with the firm of local counsel, Tousley Brain Stephens PLLC, are AWARDED $180,000 in attorney's fees and $2,212.52 in costs, to be paid from the gross settlement fund.  The Court CONCLUDES that the attorney's fees and costs are fair and reasonable in light of the work performed, the results achieved, and the nature of the claims asserted.

(8) Class Representative Amichai Ohring is AWARDED $5,000 as a service award, to be paid from the gross settlement fund.

ORDER AND JUDGMENT - 11

(9) The Settlement Administrator is AWARDED $27,950 for fees and costs already incurred and anticipated to be incurred to complete the administration of the settlement. This amount shall be paid from the gross settlement fund.

(10) Judgment is hereby ENTERED for purposes of Federal Rules of Civil Procedure 58 and 79, and the time period for filing any notice of appeal shall commence on the date of entry of this Order and Judgment. Without affecting the finality of this Order and Judgment, the Court retains continuing and exclusive jurisdiction over the interpretation, consummation, and enforcement of the Settlement Agreement and the distribution of payments required therein.

(11) The Clerk is DIRECTED to send a copy of this Order to all counsel of record and to CLOSE this case.

IT IS SO ORDERED.

Dated this 31st day of October, 2024.

*/s/ Thomas S. Zilly*
Thomas S. Zilly
United States District Judge

ORDER AND JUDGMENT - 12